MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone (619) 231-0303
Facsimile (619) 231-4755

ROBERT R. BARNES [SBN 144881]
robertbarn@outlook.com
THE BROKEN-BENCH LAW FIRM
10982 Poblado Road, No. 1621
San Diego, California 92127-5327
Telephone: (619) 218-0520

Attorneys for Plaintiff CUKER INTERACTIVE, LLC

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 18-07363-LA11 |
|---|---|
| CUKER INTERACTIVE, LLC, | Adv. No. 21-90002-LA11 |
| Reorganized Debtor. | **FIRST AMENDED COMPLAINT REQUIRING TRANSFER FROM TRUST ACCOUNT, OBJECTION TO CLAIM THEREON, AND OBJECTION TO THIRD AMENDED CLAIM 5-4 AND RECOVERY OF FUNDS FROM TRUST** |
| CUKER INTERACTIVE, LLC, | |
| Plaintiff, | Dept: Two (2) |
| v. | Honorable Louise DeCarl Adler |
| WOLFE LEGAL GROUP, PC, | Complaint Filed: January 4, 2021 |
| Defendant. | |

P:01427936.4:60665.001

COMES NOW, Cuker Interactive, LLC ("Plaintiff" or "Cuker") seeking judgment against the Wolfe Legal Group, P.C. ("WLG") for (i) return to WLG's attorney client trust account of a wrongful post-petition transfer of funds in the sum of $60,671.08 in violation of the automatic stay of 11 U.S.C. Section 362(a) (the "$60,671 Transfer"); (ii) judgment sustaining Cuker's objection to a claim by WLG for such funds in an amount not exceeding $60,671.08; (iii) judgment sustaining Cuker's objection to WLG's Third Amended Claim 5-4 filed February 15, 2021 in the sum $17,570.10 ("Claim 5-4"); and (iv) judgment ordering payment to Cuker from WLG's attorney client trust account of all sustained objections to Claim 5-4, and alleges as follows:

## PARTIES

1. On December 13, 2018 (the "Petition Date") at 3:42 p.m., Cuker commenced a case under Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of California (the "Chapter 11 Case").

2. Upon information and belief, WLG is a professional corporation registered with the California State Bar and engaged in the business of practicing law, and otherwise doing business in the State of California.

## NATURE OF ACTION

3. This adversary proceeding seeks judgment (a) requiring replacement into WLG's trust account of the $60,671 Transfer originally made to satisfy WLG's claim against Cuker for payment of fees and reimbursement of expenses, and upon return of such funds, judgment sustaining Cuker's objection to WLG's claim for fees and reimbursement of expenses pursuant to Bankruptcy Rule 3007(b); and (b) judgment sustaining Cuker's objection to Claim 5-4 and requiring WLG to remit to Cuker from WLG's attorney client trust account any and all amounts of Claim 5-4 for which such objection to Claim 5-4 is sustained.

4. For avoidance of doubt, Cuker does not seek or intend to seek by this Adversary Proceeding an affirmative claim for relief in any sum. Cuker's claim is limited to any portion of the $60,671 Transfer to be returned to WLG's trust account (and for which Cuker's objection to such claim as would exist upon return to WLG's Trust Account of the $60,671 Transfer) and to any or all of the $17,570.10 now held in WLG's Attorney client trust account as security for payment of Claim 5-4 for which Cuker's objection to Claim 5-4 is sustained.

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") has jurisdiction over this action pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§157(b)(2)(B), (E) and (G) and the Bankruptcy Court may enter final orders pertaining to the matters contained herein.

6. Venue of this matter before the Bankruptcy Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

7. In addition to the foregoing, WLG has consented to the Bankruptcy Court's jurisdiction to hear and decide this action by filing its claim in the Chapter 11 case.

## GENERAL ALLEGATIONS

8. This adversary proceeding is commenced to preserve Cuker's rights with respect to and to assert a claim objection arising upon the return of funds to WLG's trust account. To date, and despite demand to provide specific information evidencing the date of transfer, the actual date of transfer of Cuker's funds from WLG's attorney client trust account to WLG remains ambiguous.

9. Before the Petition Date, Cuker Interactive, LLC employed WLG and its principal, Deborah Wolfe, for the sole purpose of representing Cuker in its malpractice/breach of fiduciary duty cases against the Henry Law Firm and against Pillsbury Winthrop Shaw Pittman LLP. Cuker's and WLG's July 19, 2018

1  Engagement Agreement does not mention WLG's representation of Cuker for any
2  other purpose, or the representation of its principal, Adel Atalla. Cuker provided
3  WLG with a total retainer of $200,000. As of the Petition Date, the amount of the
4  retainer remaining in WLG's trust account was not less than $122,000 and all such
5  funds in WLG's trust account were property of Cuker's Chapter 11 bankruptcy
6  estate.

7        10.    WLG provided legal services to Cuker from August 19, 2018 to the
8  Petition Date, and thereafter provided no services to Cuker.

9        11.    Without Cuker's consent to the propriety of any particular services
10 provided, and without order or authorization of the Bankruptcy Court, WLG on a
11 date after the Petition Date caused to be transferred from WLG's trust account to
12 WLG the sum of $60,671.08 (the "$60,671.08 Transfer").

13       12.    WLG's acts to cause the $60,671.08 Transfer to occur were in violation
14 of the provisions of 11 U.S.C. §§362(a) (3), (5) and (6). Such violations were
15 willful, and with knowledge of the existence of the provisions of Bankruptcy Code
16 Section 362(a).

17       13.    On February 1, 2021, the Bankruptcy Court entered its order (Dkt. No.
18 508; the "Order") partially sustaining Cuker's objection to WLG's Second Amended
19 Claim No. 5, but authorizing WLG's further amendment of Claim No. 5 conforming
20 to the Order, and authorizing Cuker to file any remaining objection thereto.

21       14.    On February 15, 2021, WLG filed Claim 5-4 pursuant to the Order.

## FIRST CAUSE OF ACTION
### (Violation of Automatic Stay)

24       15.    Cuker incorporates by reference, as though fully set forth at length,
25 paragraphs 1 through 14, inclusive of this adversary proceeding.

26       16.    The $60,671.08 Transfer was made after the Petition Date in violation
27 of Bankruptcy Code Sections 362(a) (3), (5) or (6). Specifically, the funds in WLG's
28 trust account as of the Petition Date were property of Cuker's Chapter 11

bankruptcy estate and were removed by WLG from WLG's trust account to exert possession of such funds, were taken to enforce any lien WLG claimed in existence in WLG's favor or were an act to recover a claim against Cuker that arose prior to the Petition Date.

17. Based thereon, Cuker seeks judgment and an order from the Bankruptcy Court directing that WLG return $60,671.08 to WLG's Trust Account.

## SECOND CAUSE OF ACTION
### (Objection to Claim - $60,671 Transfer)

18. Cuker incorporates by reference, as though fully set forth at length, paragraphs 1 through 17, inclusive, of this adversary proceeding.

19. Cuker objects to the claim reflecting the WLG services rendered between August 19, 2018 through the Petition Date, and for which WLG paid itself by means of the $60,671 Transfer, on the basis that such services were excessive, duplicated actions undertaken by existing counsel, and were performed negligently and in violation of court scheduling orders. Reductions in fees claimed due owed for pre-bankruptcy services are for the following matters in specific amounts to be shown in further proceedings herein:

(a) All fees for services rendered and costs incurred in attending the deposition of Paul Karch in Madison Wisconsin; such services were duplicative of those attorneys already representing Cuker's and Mr Karch's interests.

(b) All fees for services rendered and costs incurred in preparing and filing in violation of District Court scheduling order Cuker's counterclaim in the case of *Henry Law Firm v. Cuker Interactive, LLC, et. al.*, United States District Court for the Western District o0f Arkansas Case No. 5:18-cv-05066-TLB (the "Henry Fee Action").

(c) All fees for WLG services rendered and costs incurred in the Henry Fee Action responding to the Henry Law Firm's demand for payment of fees and costs in the Henry Fee Action and for which matters contingency counsel had already

been and was employed during the period of WLG's performance of services;

(d) All fees for services rendered and costs incurred for travel to Fayetteville Arkansas on December 12-14, 2018 and the taking of the deposition of Mark Henry in the Henry Fee Action on December 14, 2018, which was stayed as to Cuker as of December 13, 2018, and which WLG knew prior to such travel that Cuker's Chapter 11 case would be filed prior to the travel and deposition date.

## THIRD CAUSE OF ACTION

### (Objection to Claim 5-4)

20. Cuker incorporates by reference, as though fully set forth at length, paragraphs 1 through 19, inclusive, of this adversary proceeding.

21. Cuker objects to WLG's Claim 5-4 as follows:

(a) <u>Fees</u>. (i) The time entry of DAW on 12/13/18 (page 17 of 25)[1] ($315.00). This entry was after the time of filing of the Petition and not compensable pursuant to the Order. Claim 5-4 states that Deborah Wolfe was in the air that day from "the early morning PST" and landing "in the evening CST". From this description, claim 5-4 does not show that services were rendered prior to the filing of the petition at 3:42p PST (5:42p CST).

(ii) WLG seeks payment for 9.5 hours at $450 per hour for travel between San Diego and Fayetteville. While travel time between the two cites certainly varies, the most efficient flights are 5 hours and the most inefficient are 16 hours. A current search of alternatives on American Airlines (the carrier Wolfe used) provides for 5 alternative choices ranging from 5h3m to 5h39m. WLG should be required to submit further evidence necessitating such an inefficient means of travel.

(iii) The time entries on 12/10/2018 (page 15; DAW .2 hours -- $90.00) and on 12/12/2018 (page 17; DAW; .4 hours-- $180.00, BPW; .5, .3, .2

---

[1] Reference is to the page of Claim 5-4.

and .4 hours-- $490.00). These entries, totaling $1,075, by WLG's admission were paid with WLG's draw on its retainer stated to be on 12/12/2018 and thus have already been paid with that draw and should be disallowed pursuant to the Order.

      (b)   <u>Costs</u>. (i) The "pre-petition cost" item on 12/11/2018 (Staples, $76.81) by WLG's admission were paid with WLG's draw on its retainer stated to be on 12/12/2018 and thus has already been paid with that draw.

           (ii) The roundtrip airfare from San Diego to Fayetteville for $1,055.85 is excessive. No evidence is provided that the trip was billed at cost. It seems that the trip was booked as first-class travel and first-class travel is not provided under the parties Engagement Agreement (it is silent), and no prior authorization was provided for first-class travel. It is unreasonable to allow a lawyer for the debtor to both charge 100% of their time for travel and to travel by first-class. Additional evidence is required showing the coach fares available to Ms. Wolfe for the trip.

           (iii) The cost of taking a video deposition ($4,823.15) after the Petition Date is flatly unallowable under the Order and should be disallowed in full. At the time Ms. Wolfe took the deposition she knew of the Chapter 11 case filing and was in Arkansas to take Mr. Henry's deposition notwithstanding that she knew another lawyer had been retained on a contingency basis to handle the Henry fee matter, which was the only unstayed matter at the time of the deposition. WLG's statement in Claim 5-4 is that the cost items included "… the cost of the deposition transcript, which was incurred prepetition and not reasonably able to be cancelled before the December 14, 2018 deposition commenced without incurring the charge." This is simply incredible and unsupported. Ms. Wolfe chose to move forward and take the deposition notwithstanding the Chapter 11 had occurred. Her statement now in claim 5-4 that she was "not reasonably able" to stop the deposition – and was compelled to spend 8 hours of the court reporter's and the videographer's time -- is irrelevant and lacks foundation.

(c)  Interest. Each of the invoices for services for which WLG seeks payment contains the following text: "If payment is not received within thirty (30) days of the date of this statement, interest will be charged on the unpaid balance from the date of this statement at the rate of one percent (1%) per month." Claim 5-4 pages 19, 21 and 23. Interest under Claim 5-4 is sought at 1.8% a month, a rate 80% higher than declared in the statements. The 1.8% rate (21.6% per annum) is contained within the parties Engagement Agreement, but WLG elected to charge less interest than originally stated, and any ambiguity in the appropriate annual rate to be charged (12% vs 21.6%) lies at WLG's feet, not Cuker's. Interest for all amounts allowed and due to WLG should bear interest at 12% per annum, not 21.6%.

## THIRD CAUSE OF ACTION

### (Return of Retainer)

22.  Cuker incorporates by reference, as though fully set forth at length, paragraphs 1 through 21, inclusive, of this adversary proceeding.

23.  Within the Court's Order sustaining all or any part of Cuker's objection to Claim 5-4 as set forth herein, Cuker seeks the Court's further judgment and order directing WLG to forthwith remit and turn over to Cuker the balance of any portion of fund held in WLG's trust account in excess of the amount need to fully pay the allowed claim of WLG, if any, with interest, as allowed by the Bankruptcy Court.

WHEREFORE, Cuker prays for judgment as follows:

## CLAIMS FOR RELIEF

As and for judgment, Cuker seeks:

1.  Judgment and an order determining that WLG removed the $50671.08 Transfer on a date following the Petition Date and in knowing and willful violation of the Automatic Stay, and directing that the $60,671.08 Transfer be returned to the WLG trust account pending further disposition of Cuker's claim objection herein;

2.  Judgment and an order sustaining the Cuker claim objection to such funds as returned to the WLG trust account as set forth herein in an amount

according to proof;

       3.     Judgment and an order sustaining Cuker's objections to claim 5-4; and,

       4.     Judgment and an order directing that all funds held in WLG's trust account and subject to the Court's sustaining Cuker's objection to claim 5-4 be returned to Cuker forthwith.

       5.     For costs and reasonable attorneys' fees in connection with the proceedings herein directed to recovery and return of amounts withdrawn from WLG's trust account in violation of the Automatic Stay in an amount according to proof; and,

       6.     For such other and further relief as the Court deems just and proper.

DATED:  March 2, 2021        SOLOMON WARD SEIDENWURM &
                                            SMITH, LLP

By: /s/ Michael D. Breslauer
     MICHAEL D. BRESLAUER
     Attorneys for Plaintiff CUKER
     INTERACTIVE, LLC

## PROOF OF SERVICE

I, WENDY A. YONES, declare as follows:

I am employed in the County of San Diego, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, CA 92101, in said County and State. On March 2, 2021, I served the following document(s):

**FIRST AMENDED COMPLAINT REQUIRING TRANSFER FROM TRUST ACCOUNT, OBJECTION TO CLAIM THEREON, AND OBJECTION TO THIRD AMENDED CLAIM 5-4 AND RECOVERY OF FUNDS FROM TRUST**

on each of the interested parties as follows:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 2, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    **Michael D. Breslauer** - mbreslauer@swsslaw.com, wyones@swsslaw.com

    **K. Todd Curry** - tcurry@currylegal.com

**SERVED BY U.S. MAIL:** On March 2, 2021, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows:

    Wolfe Legal Group, PC
    402 West Broadway, Suite 400
    San Diego, CA 92101

    K. Todd Curry, Esq.
    185 West F Street, Suite 100
    San Diego, CA 92101

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  March 2, 2021           By: /s/ Wendy A. Yones
                                                  WENDY A. YONES