CURRY ADVISORS
A Professional Law Corporation
  K. Todd Curry (149360)
185 West F Street, Ste. 100
San Diego, California 92101
Telephone:  (619) 238-0004
Fax Number: (619) 238-0006

Counsel for Defendant/Counterclaimant
Wolfe Legal Group, PC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CUKER INTERACTIVE, LLC,<br><br>Debtor.<br><br>Bankruptcy Case No. 18-07363-LA11<br>_____<br><br>CUKER INTERACTIVE, LLC,<br><br>Plaintiff,<br>v.<br><br>WOLFE LEGAL GROUP, PC,<br><br>Defendant.<br>_____ | ADVERSARY NO. 21-90002-LA<br><br>RESPONSE TO FIRST AMENDED COMPLAINT;<br><br>COUNTERCLAIM FOR ANNULMENT OF AND/OR RELIEF FROM THE AUTOMATIC STAY; AND<br><br>DEMAND FOR JURY TRIAL<br><br>Dept:  Two<br>Honorable Louise DeCarl Adler |

Defendant Wolfe Legal Group, PC ("Defendant") responds to the First Amended Complaint filed by plaintiff Cuker Interactive, LLC ("Plaintiff") as follows:

**ANSWER**

1. Defendant admits the allegations contained in paragraph 1 of the First Amended Complaint.

///

1    2.    Defendant admits the allegations contained in paragraph 2 of the First Amended Complaint.

3.    Responding to paragraph 3 of the First Amended Complaint, such paragraph contains legal contentions that require no response. Defendant denies all allegations not expressly admitted.

4.    Responding to paragraph 4 of the First Amended Complaint, such paragraph contains legal contentions that require no response. Nevertheless, Defendant denies Plaintiff's incorrect contention that it seeks no affirmative claim for relief. Defendant denies all allegations not expressly admitted.

5.    Responding to paragraph 5 of the First Amended Complaint, Defendant admits that the Court has subject matter jurisdiction. Defendant denies that this is a core proceeding, and Defendant does not consent to the entry of final orders pertaining to the subject matter of this adversary proceeding. Defendant denies all allegations not expressly admitted.

6.    Responding to paragraph 6 of the First Amended Complaint, Defendant admits that venue is proper. Defendant denies all allegations not expressly admitted.

7.    Defendant denies the allegations contained in paragraph 7 of the First Amended Complaint.

8.    Defendant denies the allegations contained in paragraph 8 of the First Amended Complaint, including because Defendant supplied Plaintiff with information establishing the actual date of transfer of funds from the client trust account. Defendant denies all allegations not expressly admitted.

9.    Responding to paragraph 9 of the First Amended Complaint, Defendants denies that Plaintiff engaged Defendant solely for the purposes alleged in such paragraph. The scope of the engagement was expanded by Plaintiff after the initial engagement agreement was executed. Defendant further admits that despite its reasonable and good faith efforts to transfer funds from the client trust account before Plaintiff filed its bankruptcy petition, the actual transfer of some funds out of the client trust account occurred shortly after the petition was filed, specifically, on December 14, 2018. To the extent, if any, that funds in the client trust account constituted and/or

1  remained property of the Plaintiff, such funds were subject to one or more liens, setoff rights,
2  and/or recoupment rights in favor of Defendant.  Defendant denies all allegations not expressly
3  admitted.

4      10.    Responding to paragraph 10 of the First Amended Complaint, Defendant admits
5  that it provided services to Plaintiff before Plaintiff filed its bankruptcy petition; Defendant
6  denies that it provided no services to Plaintiff thereafter.  Defendant denies all allegations not
7  expressly admitted.

8      11.    Responding to paragraph 11 of the First Amended Complaint, Defendant admits
9  that despite its reasonable and good faith efforts to pay itself for all pre-bankruptcy fees and
10 expenses before Plaintiff filed its bankruptcy petition, a transfer of funds from the client trust
11 account actually occurred on December 14, 2018.  Defendant denies all allegations not expressly
12 admitted.

13     12.    Defendant denies the allegations contained in paragraph 12 of the First Amended
14 Complaint.

15     13.    Responding to paragraph 13 of the First Amended Complaint, Defendant admits
16 the allegations contained therein, except that Defendant denies that it was permitted to amend its
17 claim solely for purposes of "conforming to the Order."  Defendant was permitted to clarify its
18 claim to specify and identify the portions thereof that represented fees and costs incurred before
19 Plaintiff filed its bankruptcy petition.  Defendant thereafter filed an amendment to its claim for
20 that purpose.  Defendant denies all allegations not expressly admitted.

21     14.    Responding to paragraph 14 of the First Amended Complaint, Defendant admits
22 that it filed an amendment to its claim on February 15, 2021 as Claim No. 5-4.  Defendant denies
23 all allegations not expressly admitted.

24     15.    Defendant re-alleges as though set out at length paragraphs 1 through 14 of this
25 Response.

26     16.    Defendant denies the allegations contained in paragraph 16 of the First Amended
27 Complaint.
28 / / /

1    17.    Responding to paragraph 17 of the First Amended Complaint, such paragraph
2 contains legal contentions that require no response.  Defendant denies all allegations not
3 expressly admitted.

4    18.    Defendant re-alleges as though set out at length paragraphs 1 through 17 of this
5 Response.

6    19.    Defendant denies the allegations contained in paragraph 19 of the First Amended
7 Complaint, which allegations include allegations made in violation of F.R. Bank. P. 9011.
8 Defendant denies all allegations not expressly admitted.

9    20.    Defendant re-alleges as though set out at length paragraphs 1 through 19 of this
10 Response.

11    21.    Responding to paragraph 21 of the First Amended Complaint, the contents of
12 Defendant's billing statements constitute the best evidence of the services performed and time
13 spent providing such services.  Defendant notes that Plaintiff incorrectly conflates interest and
14 the service charge provided for in the engagement agreement.  Defendant denies the allegations
15 contained in paragraph 21 of the First Amended Complaint.

16    22.    Defendant re-alleges as though set out at length paragraphs 1 through 21 of this
17 Response.

18    23.    Responding to paragraph 23 of the First Amended Complaint, such paragraph
19 contains legal contentions that require no response.  Defendant denies all allegations not
20 expressly admitted, including without limitation that Plaintiff is entitled to recover anything from
21 Defendant.

**AFFIRMATIVE DEFENSES**

Defendant alleges the following Affirmative Defenses, which are made on information and belief:

**First Affirmative Defense**

The First Amended Complaint and each and every purported cause of action set forth therein fail to state facts sufficient to state a cause of action against Defendant.

/ / /

**Second Affirmative Defense**

The First Amended Complaint and each and every purported cause of action set forth therein are barred by the applicable statute(s) of limitations, including without limitation those set forth in Part II, Title II, of the California Code of Civil Procedure, including, without limitation, Sections 335.1, 337, 338, 339, 340, and/or 343 thereof.

**Third Affirmative Defense**

By virtue of the acts, conduct, and/or omissions of Plaintiff in connection with the alleged agreements and events set forth in the First Amended Complaint, the First Amended Complaint and each and every purported cause of action set forth therein are barred by the doctrine of waiver.

**Fourth Affirmative Defense**

By virtue of the acts, conduct, and/or omissions of Plaintiff in connection with the alleged agreements and events set forth in the First Amended Complaint, the First Amended Complaint and each and every purported cause of action set forth therein are barred by the doctrine of estoppel, including without limitation, judicial estoppel by reason of Plaintiff's failure to timely and properly disclose to creditors and to the Court the purported claims asserted pursuant to the First Amended Complaint.

**Fifth Affirmative Defense**

By virtue of unreasonable, unexcused, and unduly prejudicial delay on the part of Plaintiff, some or all of Plaintiff's alleged claims are barred by the doctrine of laches.

**Sixth Affirmative Defense**

Plaintiff failed to exercise reasonable care and diligence to reduce and minimize its alleged damages, if any. As a result, Plaintiff cannot recover for any losses which could have been prevented by reasonable efforts on its part. Plaintiff's recovery, if any, must be reduced in proportion to the amount attributable to failure on its part to mitigate its alleged damages.

**Seventh Affirmative Defense**

Plaintiff and/or others failed to exercise ordinary care on their own behalf or are otherwise liable for Plaintiff's alleged damages, injuries, and/or losses, if any. Any and all events

and happenings in connection with the occurrences and damages alleged in the First Amended Complaint, if any, were proximately caused and contributed to by the negligence or fault of Plaintiff and/or others. As a result, Plaintiff's right, if any, to recover from Defendant should be diminished in an amount that is in direct proportion to the fault or failure to exercise due care on the part of Plaintiff and/or others.

**Eighth Affirmative Defense**

The claims alleged in the First Amended Complaint are barred by reason of the unclean hands and/or fraud of Plaintiff in connection with the events that are the subject of the First Amended Complaint.

**Ninth Affirmative Defense**

Defendant was excused from performing under the alleged agreement(s) referred to in the First Amended Complaint by reason of the prior material breach of the agreement(s) by Plaintiff, or due to frustration of purpose, failure of consideration, prevention and/or impossibility and/or impracticability of performance, failure of condition(s) precedent, and/or unilateral or mutual mistake.

**Tenth Affirmative Defense**

The alleged agreement(s) and/or other alleged obligations referred to in the First Amended Complaint was/were modified upon the mutual agreement and consent of the parties thereto and/or as a result of the parties' course of conduct.

**Eleventh Affirmative Defense**

The purported damages, if any, alleged to have been suffered by Plaintiff are subject to setoff / recoupment, in whole or in part, by damages sustained by Defendant as a result of the wrongful or otherwise inequitable conduct on the part of Plaintiff.

**Twelfth Affirmative Defense**

Plaintiff lacks standing and/or other legal capacity to assert the causes of action set forth in the First Amended Complaint.

/ / /

/ / /

**Thirteenth Affirmative Defense**

Defendant at all times acted reasonably and in good faith in connection with the matters alleged in the First Amended Complaint.

**Fourteenth Affirmative Defense**

The automatic stay did/does not apply to any of the acts alleged in the First Amended Complaint because, among other reasons, Defendant's actions are protected by the doctrine of recoupment.

**Fifteenth Affirmative Defense**

Some or all of the claims asserted in the First Amended Complaint, and/or some or all of the issues raised in such claims, are subject to mandatory abstention and/or discretionary abstention.

**Sixteenth Affirmative Defense**

To the extent, if any, that Defendant's right to payment for fees and/or costs has not been fully and properly paid from the retainer, Defendant's right to payment is secured by the retainer (as it presently exists and also to the extent, if any, that it is augmented by any replacement of retainer funds ordered by the Court) by reason of one or more liens and/or the right of setoff and/or the right of recoupment.

**Seventeenth Affirmative Defense**

Plaintiff consented to the acts that are alleged in the First Amended Complaint.

**Eighteenth Affirmative Defense**

Defendant intends to rely upon other affirmative defenses as may become available or apparent during discovery proceedings in this action and hereby reserves its right to amend its answer to assert other affirmative defenses.

**COUNTERCLAIM AGAINST CUKER INTERACTIVE, LLC**

WLG ("Counterclaimant") hereby asserts a counterclaim against Cuker Interactive, LLC ("Counterdefendant") as follows:

///

///

**JURISDICTION AND VENUE**

1. This Counterclaim arises out of the same or similar transactions and occurrences which gave rise to, and which are described in, the First Amended Complaint. Therefore, this Court has jurisdiction over this counterclaim pursuant to F.R. Bankr. P. 7013 and F.R. Civ. P. 13, as well as pursuant to 28 U.S.C. § 1334. This counterclaim constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Counterclaimant does not consent to the entry of final orders by the Bankruptcy Court concerning this proceeding.

2. Venue is proper in this district pursuant to under 28 U.S.C. § 1409(a) in that Counterdefendant's bankruptcy case is pending in this district, and for the same reason, the Court has personal jurisdiction over Counterdefendant.

**THE PARTIES**

3. Counterclaimant is a professional corporation formed and existing under the laws of the State of California, is engaged in the practice of law through the attorneys who are employed by it, and has its principal place of business in San Diego, California.

4. Counterdefendant is a limited liability company formed and existing under the laws of the State of California, has its principal place of business in San Diego, California, and filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code on December 13, 2018 in the United States Bankruptcy Court for the Southern District of California.

**CLAIM FOR RELIEF**

5. Counterclaimant re-alleges as though set out at length paragraphs 1 through 4 of this Counterclaim.

6. Counterclaimant represented and provided legal service to Counterdefendant and Counterdefendant's principal, Adel Atalla, both before and after the filing of Counterdefendant's bankruptcy petition. Such representation was undertaken pursuant to the oral and written requests of Counterdefendant, Adel Atalla, and Aaron Cuker.

7. In connection with such representation, Counterclaimant had possession of certain funds in its client trust account from which to pay legal fees and costs incurred in connection with such representation.

1      8.    At the direction of Counterdefendant's bankruptcy counsel, Counterclaimant sought–before Counterdefendant filed its bankruptcy petition–to pay itself from client trust account funds all fees and costs incurred before the filing of the bankruptcy petition.

    9.    Despite Counterclaimant's reasonable and good faith efforts, the funds did not actually leave the client trust account until May 14, 2018, which was one day or less after the filing of Counterdefendant's bankruptcy petition.

    10.    Counterclaimant had and has a lien in all client trust account funds (including any funds as augmented by any replacement of client trust account funds ordered by the Court) under California law.  Counterclaimant is further secured pursuant to 11 U.S.C. § 506(a)(1) by reason of its setoff rights concerning the client trust account funds.  Furthermore, Counterclaimant enjoyed and enjoys the right of recoupment with respect to all client trust account funds.

    11.    Counterclaimant at all times acted reasonably and in good faith, with no intention to violate the automatic stay.  If Counterdefendant were allowed to evade payment for pre-bankruptcy fees and costs by reason of any technical violation of the automatic stay, Counterdefendant would be unjustly enriched and Counterclaimant would be unfairly and unduly prejudiced.  Counterdefendant cannot demonstrate any prejudice or damages whatsoever resulting from any technical violation of the automatic stay.  Indeed, Counterdefendant failed timely to disclose any such prejudice, nor any potential claim resulting from any purported violation of the automatic stay, in its disclosure statement or in any other appropriate disclosure document filed in the Bankruptcy Court.  Furthermore, annulment of the automatic stay would promote judicial economy.

    12.    If and to the extent that Counterclaimant is deemed to have violated the automatic stay, the automatic stay should be annulled and/or relief from the automatic stay should be granted, effective as of the petition date as authorized by 11 U.S.C. § 362(d).   Such relief is appropriate because the balance of the equities supports Counterclaimant's request for the above-stated reasons, among other reasons.

/ / /

WHEREFORE, Defendant/Counterclaimant WLG prays for judgment as follows:

1. That Plaintiff/Counterdefendant take nothing by way of the First Amended Complaint;

2. That, if and to the extent Defendant/Counterclaimant is deemed to have violated the automatic stay, the automatic stay be annulled effective as of the filing of the bankruptcy petition; and

3. That Defendant/Counterclaimant WLG be granted such other and further relief as may be just and proper.

Dated: May 21, 2021

CURRY ADVISORS
A Professional Law Corporation

By: /s/ K. Todd Curry
K. Todd Curry
Counsel for Defendant/Counterclaimant
Wolfe Legal Group, PC

## DEMAND FOR JURY TRIAL

Defendant/Counterclaimant WLG hereby demands a trial by jury on all claims and issues for which a jury trial is available.

Dated: May 21, 2021

CURRY ADVISORS
A Professional Law Corporation

By: /s/ K. Todd Curry
K. Todd Curry
Counsel for Defendant/Counterclaimant
Wolfe Legal Group, PC