CURRY ADVISORS
A Professional Law Corporation
  K. Todd Curry (149360)
185 West F Street, Ste. 100
San Diego, California 92101
Telephone: (619) 238-0004
Fax Number: (619) 238-0006

Counsel for Defendant
Wolfe Legal Group, PC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CUKER INTERACTIVE, LLC,<br><br>        Debtor.<br><br>Bankruptcy Case No. 18-07363-LA11<br>_____<br><br>CUKER INTERACTIVE, LLC,<br><br>        Plaintiff,<br>v.<br><br>WOLFE LEGAL GROUP, PC,<br><br>        Defendant.<br>_____ | ADVERSARY NO. 21-90002-LA<br><br>OPPOSITION BY WOLFE LEGAL GROUP, PC TO MOTION BY ADEL ATALLA FOR ORDER THAT PROPOSED DISCOVERY IS NOT AUTHORIZED OR TERMINATING OR LIMITING DEPOSITION<br><br>Date:  April 21, 2022<br>Time:  2:00 p.m.<br>Dept:  Two<br>Honorable Louise DeCarl Adler |

/ / /

/ / /

/ / /

Defendant Wolfe Legal Group, PC ("WLG") files this opposition to the Motion by Adel Atalla for Order that Proposed Discovery is not Authorized, or Terminating or Limiting Deposition (the "Motion").

## I. INTRODUCTION

This Adversary Proceeding involves disputes concerning legal fees paid to and sought by WLG. WLG represented Cuker Interactive, LLC ("Cuker") and Adel Atalla ("Atalla") in connection with prosecution of certain malpractice claims as well as the defense of litigation in Arkansas by the Henry Law Firm to collect unpaid legal fees. When WLG took Cuker's deposition pursuant to F.R. Civ. P. 30(b)(6), Cuker designated Atalla to testify. Because Atalla wore two hats when it came to the Arkansas litigation in that he was the primary contact for Cuker (as a defendant) and he also was a defendant himself, his communications and agreements often would not indicate the capacity in which he spoke. Therefore, WLG asked some questions that did not distinguish between the two capacities in which Atalla spoke. Counsel for Cuker and counsel for Atalla first instructed Atalla not to answer questions that did not specify in what capacity Atalla spoke or agreed, asserting that such questions were irrelevant to this Adversary Proceeding and were designed to obtain discovery in pending state court litigation against Atalla. Then they terminated the deposition and indicated they would bring a motion pursuant to F.R. Civ. P. 30(d).

As discussed below, refusal to answer a deposition question is proper only when necessary to protect a privilege, and termination and a motion under Rule 30(d) is proper only to stop bad faith or unreasonable annoyance, embarrassment, or oppression. None of those conditions have been shown here. A deponent cannot refuse to answer a question, and a motion under Rule 30(d) cannot be brought, based on a relevance objection, including that the question allegedly seeks discovery in other litigation. In addition, although general discovery relevance is not the measuring standard for whether a deposition question must be answered, the deposition questions are relevant to this Adversary Proceeding. The questions do not seek discovery in the state court action. Finally, the Court should award WLG $6,777.50 as compensation for the expense incurred in connection with this discovery dispute.

## II. THE INSTRUCTIONS NOT TO ANSWER WERE IMPROPER REGARDLESS OF ANY RELEVANCY ISSUE.

F.R. Civ. P. 30(c)(2), which is made applicable to this Adversary Proceeding by F. R. Bankr. P. 7030, provides as follows:

> An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; ***the testimony is taken subject to any objection***. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. ***A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)***.

F.R. Civ. P. 30(c)(2) (emphasis added); F.R. Bankr. P. 7030.  F.R. Civ. P. 30(d)(3), which likewise is made applicable to this Adversary Proceeding by F.R. Bankr. P. 7030, provides that:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

F.R. Civ. P. 30(d)(3).

Under Rule 30(c)(2), even deposition questions calling for clearly irrelevant testimony must be answered, as the testimony is given subject to the objection. *See* F.R. Civ. P. 30(c)(2); *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("It is inappropriate to instruct a witness not to answer a question on the basis of relevance"); *see also International Union of Electrical, Radio & Machine Workers, AFL-CIO v. Westinghouse Elec. Corp.*, 91 F.R.D. 277, 278 (D. D.C. 1981) (Rule 30's requirement to answer subject to objections trumps Rule 20's relevancy provision); *Boyd v. University of Maryland Med. System*, 173 F.R.D. 143, 147 (D. Md. 1997) (instruction not to answer is "presumptively improper").  As the court stated in *Ralston Purina Co. v. McFarland*, 550 F.2d 967 (4th Cir. 1977), given the requirement of Rule 30(c) that testimony be taken subject to objections, counsel's instruction to a deponent not to answer on relevance grounds was "highly improper" and was "indefensible and utterly at

-2-

1  variance with the discovery provisions of the Federal Rules of Civil Procedure." *Id.* at 973; *see also In re Stratosphere Corp. Sec. Lit.*, 182 F.R.D. 614, 618-19 (D. Nev. 1998) (party may object to an irrelevant line of questions, but instructing a witness not to answer is sanctionable).

Here, even if Atalla and Cuker correctly contended that the questions were irrelevant because they supposedly sought discovery in other litigation (that contention is false as discussed below), the proper course of conduct was to object but allow the witness to answer subject to the objection. Neither Atalla nor Cuker has ever claimed they sought to protect a privilege (such as the attorney-client privilege, privacy, or trade secrets), nor has anyone credibly alleged that the deposition questioning was undertaken in bad faith or constituted unreasonable annoyance, embarrassment, or oppression. To constitute grounds for a motion under Rule 30(d), questioning outside the bounds of relevance would need to be so far beyond the realm of possible relevance as to be unreasonably annoying, embarrassing, or oppressing to the deponent. *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 591 (S.D. Tex. 2011). Indeed, the conduct justifying a motion under Rule 30(d) relates to the manner of questioning in a deposition, not merely the relevance of the questions. Thus, asking allegedly irrelevant questions does not constitute a basis to bring a motion under Rule 30(d). *See In re Stratosphere Corp. Sec. Lit.*, 182 F.R.D. 614, 619 (D. Nev. 1998). Based on the foregoing, it was improper and indefensible for Atalla to refuse to answer the questions and for his and Cuker's counsel to instruct him not to answer.[1]

Atalla cites *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352, n. 17 (1978) as purported support for his position that he can refuse to answer a deposition question on the alleged ground of irrelevance, and particularly on the alleged ground that a deposition question relates to other litigation. *Oppenheimer* is inapposite because it dealt with relevance under Rule 26(b) with respect to **written discovery** and whether a defendant could be forced to assist in the compilation

---

[1] Atalla might contend that the instructions not to answer were revoked and Atalla brought a motion under Rule 30(d) instead. This contention is mere semantics. Atalla was instructed not to answer, he refused to answer, and he did not answer. Rule 30(c)(2) makes it clear that a refusal to answer is justified only on the ground of privilege or to present a proper motion under Rule 30(d). No privilege was claimed, and there is no basis for a motion under Rule 30(d).

-3-

1  of a list of class plaintiffs for use in certain litigation.  *Id.* at 342.  That case ***did not*** deal with a
2  ***deposition*** and refusal of a witness to answer a ***deposition question***, which is governed by the
3  specific deposition rules in Rule 30 rather than the general discovery rules of Rule 26(b).  *See*
4  *International Union of Electrical, Radio & Machine Workers*, 91 F.R.D. at 278-80.  For the same
5  reason, Atalla's purported exposition regarding what deposition discovery is allowed under Rule
6  26(b) is inapposite and is irrelevant to the dispute here.  Atalla cites no legal authority for his
7  assertion that the Motion has merit under Rule 30(d) because the deposition supposedly was
8  being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses
9  the deponent or a party.  As explained above, Rule 30(d) addresses ***the manner*** of taking the
10 deposition, ***not*** whether the questions asked in a deposition are relevant.  There simply is no basis
11 under Rule 30(d) to bring the Motion, as an alleged lack of relevancy is not a proper ground on
12 which to terminate a deposition or to refuse to answer a deposition question.

13       Disturbingly, the Motion omits any discussion of the key threshold issue, which is the
14 standard for when an instruction not to answer a deposition question may be given.  The
15 Motion's conspicuous silence on this issue, and its purported reliance on a general Rule 26(b)
16 analysis, are all the more perplexing given that WLG raised this very issue, and cited the
17 applicable rules, it in its response to Cuker's status conference report.  *See* Docket No. 49.  WLG
18 also raised this very issue, and cited the applicable rules, in its meet and confer response to
19 Atalla's counsel and Cuker's counsel.  *See* the Declaration of K. Todd Curry dated March 4,
20 2022 ("Curry Declaration"), ¶ 2 & Ex. 1.  Thus, it appears that the long-established law in this
21 area was deliberately omitted from the Motion in order to mislead the Court.  This is improper.
22 *See* Cal. R. of Prof. Conduct 3.3(a); Cal. Bus. & Prof. Code §§ 6068(d), 6128.

### III.  THE DEPOSITION QUESTIONS ARE RELEVANT TO THIS ADVERSARY PROCEEDING.

25       Although the propriety of Atalla's refusal to answer the deposition questions is governed
26 by Rule 30 and not Rule 26(b), the questions posed to Mr. Atalla are relevant to this Adversary
27 Proceeding under Rule 26(b).  Relevance under Rule 26(b) is construed broadly to encompass
28 any matter that bears on, or that reasonably could lead to other matter that could bear on, any

1  issue that is or may be in the case. *See Oppenheimer*, 437 U.S. at 351.  Here, WLG represented
2  both Cuker and Atalla.  Atalla thus wore two hats:  He was the primary contact person for both
3  Cuker and himself.  His communications typically did not distinguish, nor would one necessarily
4  expect that the communications always would distinguish, among communications made on
5  Cuker's behalf, communications made on his own behalf, and communications made on behalf
6  of both Cuker and himself.  *See, e.g.*, the Declaration of Deborah A. Wolfe dated March 4, 2022
7  ("Wolfe Declaration"), ¶ 2 & Ex. A (various email communications that often did not reveal the
8  capacity in which Atalla was communicating).  Therefore, any given communication from Atalla
9  could be any of these.  Thus, when Atalla was questioned in the deposition whether, in his
10 personal capacity or in his capacity as Cuker's representative, he ever instructed WLG to cease
11 work, or whether there was an agreement to divide services among the various lawyers, the
12 questions clearly were relevant because the communications and agreements were not necessarily
13 clear in what capacity Atalla was making them.  The same is true regarding questions about
14 whether, in fact, WLG was representing Cuker as well as Atalla personally.  The first step in the
15 inquiry was to determine whether there was a communication or agreement in any capacity.
16 Follow-up questions would have been asked to test whether a communication or agreement
17 Atalla contends was made on his own behalf was really made on Cuker's behalf or whether it
18 was made on behalf of both himself and Cuker.  Atalla's proffered approach of being able to
19 dodge WLG's questions about Atalla's communications and agreements made in whatever
20 capacity, simply is not workable because it would let Atalla decide for himself–before having to
21 disclose whether a communication or agreement even exists–on whose behalf a given
22 communication or agreement was made, and to conceal all communications and agreements that
23 he deems to have made on his own behalf.  Then he could freely change his position at trial
24 without being impeached.  This approach is not consistent with very broad discovery rights under
25 Rule 26(b), even if Rule 26(b) rather than Rule 30(c) set the disclosure standard here.  Atalla's
26 approach would deprive WLG of the opportunities:  (i) to test Atalla's conclusions about the
27 capacity in which he made communications or agreements about work that WLG performed or
28 was to perform, and (ii) to block Atalla and Cuker from taking whatever position they want at

-5-

1   trial.  WLG's line of deposition questioning clearly was within the broad scope of relevancy

2   under Rule 26(b) because it "bears on, or reasonably could lead to other matter that could bear

3   on, any issue that is or may be in the case."  However, as discussed above, a deposition question

4   must still be answered even when it is outside the broad scope of relevancy under Rule 26(b).[2]

5         Furthermore, discovery is appropriate regarding impeachment issues.  *Kerr v. U.S. Dist.*

6   *Court for Northern Dist. of California*, 511 F.2d 192, 196-97 (9th Cir. 1975), *aff'd*,  426 U.S.

7   394 (1976) ("In addition to discovering information pertaining to a party's case in chief, it is

8   entirely proper to obtain information for other purposes such as cross-examination of adverse

9   witnesses"); *Gutshall v. New Prime, Inc.*, 196 F.R.D. 43, 44-45 (W.D. Va. 2000); *Marsh v.*

10  *County of San Diego*, 2008 WL 11411442 (S.D. Cal. September 4, 2008) (a party must disclose

11  impeachment evidence in response to a specific discovery request).  By way of example only,

12  Atalla has claimed that WLG did not represent him personally, yet he sent an email authorizing

13  WLG to represent both Cuker and himself, and he instructed Aaron Cuker to sign a conflict

14  waiver to allow such joint representation.  *See* Wolfe Declaration, Ex. A at pp. 1-3; Curry

15  Declaration, ¶ 3.  Atalla's communications with WLG regarding whether or not to perform

16  services, how work was to be divided up among the various lawyers, and whether or not WLG

17  was representing both Cuker and Atalla will shed light on this issue, which obviously affects

18  Atalla's credibility as a witness and representative for Cuker in this Adversary Proceeding.  The

19  trier of fact can determine in what capacity Atalla's communications were made, as it is unclear

20  in many instances.

21  / / /

---

[2] Atalla's counsel argued during the meet and confer, without citing any authority, that the scope of a deposition under Rule 30(b)(6) is limited by the topics in the deposition notice, which specifies the topics on which the witness for the entity deponent must be familiar.  Curry Declaration, Ex. 1.  That is not the law.  The notice of deposition under Rule 30(b)(6) merely specifies the topics for which the entity is required to supply a witness or witnesses; inquiries into other areas is permitted.  *King v. Pratt & Whitney*, 161 F.R.D. 475 (S.D. Fla.1995), *aff'd*, 213 F.3d 646 (11th Cir. 2000), aff'd 213 F.3d 647 (11th Cir. 2000); *Cabot Corp. v. Yamulla Enter., Inc.*, 194 F.R.D. 499 (M.D. Pa. 2000); *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 38 (S.D. N.Y. 2009).

-6-

1       Also, Atalla contends that WLG should not have performed certain work, which may include services such as attending a deposition of Paul Karch and preparing a settlement conference statement, because other counsel allegedly was hired on a contingency basis to do the defense work that WLG was performing in the Arkansas litigation. Curry Declaration, ¶ 4. Yet Atalla has admitted that he knew ahead of time that WLG was going to attend the Paul Karch deposition, and he was sent an email ahead of time indicating that WLG intended to prepare the settlement conference statement. Wolfe Declaration, Ex. A at p. 8; Curry Declaration, ¶ 5. Atalla's communications or lack of communications regarding whether WLG should perform such work, and whether there was an agreement to divide work among the lawyers, regardless of the purported (and likely ambiguous) capacity in which his communications were made, will shed light on Atalla's and Cuker's false narrative that someone else supposedly was to be performing the work that WLG performed.

      Further, Atalla contends that he and Cuker never engaged WLG to do anything but prosecute legal malpractice claims, and that WLG was not engaged to defend claims in the Arkansas litigation. Curry Declaration, ¶ 6. However, emails show otherwise, as Atalla told WLG that it was handling malpractice claims as well as defense of the Arkansas litigation. Also, Atalla instructed Arkansas co-counsel (who according to Atalla supposedly was supposed to be doing the work that WLG did) to cooperate with and assist WLG in all respects. Wolfe Declaration, Ex. A at pp. 4-6. Again, Atalla's communications about WLG's work, and any agreements to divide work among the various lawyers, will shed light on Atalla's and Cuker's false claims in this litigation, regardless of the capacity in which Atalla made those communications and regardless of whether those communications supposedly only related to Atalla personally. But in any event, the trier of fact–not Atalla–should resolve any ambiguities regarding whether the communications relate to Cuker or to Atalla personally, or both.

      Aside from directly exploring Cuker's claims, WLG must be permitted to probe Mr. Atalla's credibility and efforts to defraud the Court. Those issues are in play in this Adversary Proceeding regardless of which hat Atalla was wearing when he communicated to WLG about its work and the division of labor among the law firms, particularly because it is not always clear in

1  what capacity Atalla communicated.  Atalla and Cuker both are desperately attempting to cover

2  up efforts by Atalla and Cuker (via Atalla ) to defraud this Court, which is why they refused to

3  answer multiple questions during the deposition.

4  **IV.  THE MOTION IS PROCEDURALLY DEFECTIVE.**

5  Atalla styles his Motion as seeking to excuse him from having to answer certain

6  questions, or ***alternatively***, for an order terminating the deposition under Rule 30(d).  *See* Docket

7  No. 55 at pp. 1-2.  However, Rule 30(c)(2) makes it clear that the only procedure available to

8  Atalla is a motion under Rule 30(d).  The Court should reject Atalla's attempt to style his motion

9  as something other than a motion under Rule 30(d), which motion may be brought only on very

10  narrow grounds that it is being conducted in bad faith or in a manner that unreasonably annoys,

11  embarrasses, or oppresses the deponent or party.  *See* F.R. Civ. P. 30(d).  As discussed above, the

12  Motion does not satisfy the requirements for an order under Rule 30(d)(3).

13  **V.  ATALLA FALSELY CONTENDS THAT WLG ADMITTED**

14  **SEEKING DISCOVERY FOR THE STATE COURT ACTION.**

15  Atalla asserts in the Motion that: "[C]ounsel for Wolfe candidly admitted that he was

16  seeking the information for the two Superior Court cases."  Motion at 10.  ***This contention is***

17  ***false.***  The Motion purports to quote a portion of the deposition transcript, but deliberately cut

18  off the quoted material from the deposition transcript mid-sentence, and then the Motion fails to

19  cite to the pertinent pages of the deposition transcript.  Motion at 10.  The Motion somehow

20  omits the explanation that WLG's counsel gave on the record, both as part of the same

21  explanation that the Motion omits, and as a further explanation given a few seconds later in the

22  deposition.  The complete explanation given by WLG's counsel during the deposition was as

23  follows:

24  MR. CURRY:· No, this has more to do with --we're dealing with the same person, right, he is
the representative of Cuker and then he is also a defendant and my client says my client provided
25  legal services for him personally as well and, you know, you've seen the exhibits, there's conflict
waivers and such for that very purpose.  So I'm not trying to explore the other lawsuit.
26
BY MR. CURRY:
27
Q  My question, though, is did there ever come a time where Mr. Atalla told the Wolfe Legal
28  Group to not perform services for him personally because they were outside the scope of what

-8-

1  Wolfe Legal Group was supposed to do?

2  MR. BRESLAUER: Same objection, same instruction.

3  BY MR. CURRY:

4  Q  Okay. So Mr. Atalla are you going to refuse to answer that question?

5  A  I will have to follow my legal counsel's advice.

6  MR. CURRY:· All right.· And I'll just state one last time as an effort to meet and confer, understanding that because the communications are coming from the same person on behalf of Cuker and on behalf of the individual, to me it seems like a fair question in order to close the loop on what could be an ambiguous communication.

So I'm probably going to have to go to the court and get some help on this question.

10  Curry Declaration, Ex. 7 (Transcript at pp. 58-59).

11  Atalla knows full well that WLG's counsel explained during the deposition that WLG was not seeking the discovery for the state court litigation, yet the Motion nevertheless misleadingly informs the Court that WLG admitted just the opposite.  This conduct is improper. *See* Cal. R. of Prof. Conduct 3.3(a); Cal. Bus. & Prof. Code §§ 6068(d), 6128.  WLG's counsel asked the question because the communications came from the same person (Atalla) wearing two different hats, and the capacity in which Atalla communicated with WLG often would be ambiguous.  *See supra* at 5; *see also* Wolfe Declaration, Ex. A (emails from Atalla which in most instances do not indicate the capacity in which he was communicating).

### VI.  WLG SHOULD BE COMPENSATED FOR THE COST OF ADDRESSING THE DISCOVERY DISPUTE.

F.R. Civ. P. 37(a)(5)(B), which applies to the Motion pursuant to F.R. Civ. P. 30(d)(3)(C), requires the Court to award WLG the reasonable expenses incurred to oppose the Motion, unless the motion was substantially justified or the award would be unjust.  Here, the law is clear that an instruction not to answer a deposition question on the ground of relevance (including that the questions allegedly relate to some other proceeding) is improper and indefensible, and the same is true of a Motion under Rule 30(d).  *See Barton Business Park. Assocs. v. Alexander (In re Barton Business Park. Assocs.)*, 118 B.R. 776 (E.D. Cal. 1990) counsel sanctioned for instructing witness not to answer based on a relevance objection);

-9-

1  *International Union of Electrical, Radio & Machine Workers,* 91 F.R.D. at 280 (sanctions
2  appropriate when counsel instructed witness not to answer based on a relevancy objection);
3  *Cobell v. Norton*, 213 F.R.D. 16, 27 (D. D.C. 2003) (alleged "harassment" not a proper ground
4  for instructing witness not to answer questions, sanctions awarded to moving party because no
5  legal authority supported other party's position).  As explained at p. 4 *supra*, WLG's counsel
6  provided legal authority to Atalla's counsel and Cuker's counsel previously, but they chose to
7  disregard that legal authority and even deliberately excluded any mention of it in the Motion.
8  There is no substantial justification for blocking the deposition testimony, filing the Motion, or
9  omitting the applicable law from the Motion.  A compensatory award is, therefore, just and
10 proper.  WLG incurred $6,277.50 in connection with this discovery dispute, and it will incur a
11 court reporter appearance fee of at least $500 when the deposition is reconvened.  Curry
12 Declaration, ¶ 8.  Therefore, the Court should award not less than $6,777.50 against Atalla,
13 Atalla's counsel, and Cuker (because Cuker's counsel joined in the objections at the deposition
14 but did not join in the Motion.)

### VII.  CONCLUSION

16      For the reasons stated above, the Motion should be denied in its entirety, and the Court
17 should grant an award of attorneys' fees and costs in the amount of not less than $6,777.50
18 against Atalla, Atalla's counsel, and Cuker.

20 Dated: March 4, 2022                    CURRY ADVISORS
                                           A Professional Law Corporation

                                           /s/ K. Todd Curry
22                              By:        _____
                                           K. Todd Curry
23                                         Counsel for Defendant Wolfe Legal Group, PC