Vanderhoff Law Group
Alan Vanderhoff, Cal. Bar No. 138032
2514 Jamacha Road, Suite 502, PMB 139
El Cajon, CA 92019
(619) 299-2050

Attorneys for Non-Party, Adel Atalla

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Cuker Interactive, LLC,<br><br>               Debtor.<br><br>Case No. 18-07363-LA11 | Adv. No. 21-90002-LA<br><br>**REPLY TO OPPOSITION TO MOTION BY NON-PARTY FOR ORDER DETERMINING THAT PROPOSED DISCOVERY IS NOT AUTHORIZED**<br><br>**DECLARATION OF ALAN VANDERHOFF** |
| Cuker Interactive, LLC,<br><br>               Plaintiff.<br>v.<br><br>Wolfe Legal Group, PC | Date:    April 21, 2022<br>Time:   2:00 p.m.<br>Dept.   Two<br>Judge:  Hon. Louise DeCarl Adler |

Adel Atalla, through his counsel of record, Alan Vanderhoff, hereby replies to the opposition (the "Opposition") to his Motion for Order Determining that Proposed Discovery is not Authorized or, in the Alternative, for an Order Terminating or Limiting Deposition (the "Motion").

## I. INTRODUCTION

Wolfe's primary defense to the Motion is citing cases for the proposition that it is not appropriate to instruct a witness not to answer a question unless it is to preserve a privilege. However, Mr. Atalla's counsel withdrew all instructions not to answer during the deposition. Mr. Atalla's counsel made multiple clear statements in the record that all instructions not to answer were withdrawn and that the deposition

1

would be temporarily suspended in order to seek guidance from the Court on whether Wolfe was entitled to depose Mr. Atalla in his personal capacity.

Under applicable discovery rules, Wolfe cannot notice the deposition of Cuker Interactive and then, in mid-deposition, pivot and begin deposing Mr. Atalla in this personal capacity. This issue never should have arisen. It arose because Wolfe insisted on overreaching and violating the rules of discovery. The Motion should be granted and Mr. Atalla should be reimbursed for the legal fees he incurred in bringing this Motion in the amount of $6,596.50.

## II. ARGUMENT

### A. The Opposition is Based on the False Premise that the Witness was Instructed not to Answer.

The Opposition and the case law cited therein is based on the false premise that the witness was instructed not to answer the question. After citing cases related to when it is proper to instruct a witness not to answer, Wolfe states:

> Based on the foregoing, it was improper and indefensible for Atalla to refuse to answer the questions and for his and Cuker's counsel to instruct him not to answer.

However, the witness was not instructed not to answer the questions. Although the witness was initially instructed not to answer certain questions, that instruction was withdrawn during the deposition in favor of suspending the deposition temporarily to seek guidance from the Court. The discussion of this issue between counsel was as follows:

> MR. VanDERHOFF: Okay. Good.
>
> [I]f you're complaining about the procedure, the other procedure would be to stop the deposition; go get a protective order. Would you prefer that we do that?
>
> MR. CURRY: I'm not going to tell you how to practice law. I'm just telling you I've made my record. I'm moving on now. If you'd like to change your position on that, you may do so.

*Transcript, Vol. II, p. 174 (attached hereto as Exhibit A).*

1      MR. VanDERHOFF: Hold on. Hold on.

2      Objection. This is again beyond the scope.

3      Having further reflected on your comments, Todd, I will withdraw my
       prior instructions not to answer. But if you're going to pursue this line
4      of questioning, we'll have to adjourn the deposition, have a meet-and-
       confer, and then, if we don't resolve it, bring a motion for protective
5      order.

6      MR. CURRY: So you're not – you're not going to instruct him not to
       answer? So I'll go ahead and ask him the question, and you'll let him
7      answer?

8      MR. VanDERHOFF: No. I'm going to – if you insist on asking the
       question, we're going to adjourn the deposition at this very moment.
9      You and I will meet and confer over the next week or so, and then I'll
       bring a motion for protective order. And then you can come back later,
10     if the judge agrees with you, and you can ask those questions.

11     And as far as my prior instructions not to answer, I withdraw those. And
       we'll do it your way. We'll do it the right way.
12                                          …

13     MR. VanDERHOFF: I know what your question is.

14     MR. CURRY: Well, are you objecting and telling him not to answer?

15     MR. VanDERHOFF: No.· What I'm telling you is that if you pursue
       this line of questioning, we will adjourn the deposition at this very
16     moment. If you wish to take a break, come back, and decide whether
       you want to ask the questions of which I've withdrawn my instructions
17     not to answer, you can do so.

18     I suggest that you take a little time, think about it, come back, tell us
       what you want to do.
19
       But if you want to pursue this question and the other ones that I objected
20     to previously, the deposition will adjourn. Not end but adjourn. That's
       the proper way to do it. And we'll come back another day after the
21     judge has decided this issue appropriately.

22     And there's – you know, you said a motion to compel. There's nothing
       to compel at this point because I have withdrawn my instruction not to
23     answer. But –

24     MR. CURRY: Great.

25     MR. VanDERHOFF: -- we will need to adjourn to have the judge
       decide that because there's not a judge on this – you know, in this
26     deposition right now. So it's going to be –

27                                          …

28

                                          3

1

2          MR. VanDERHOFF: And your choice is either – either not to ask the
           questions because it was beyond the scope, or we'll adjourn and we'll
           let the judge decide, and then we'll re -- you know, come back another
3          day. And if the judge agrees with you, you can ask the questions. So it's
           your choice.

4     *Transcript, Vol. II, p. 190-193 (attached hereto as Exhibit A).*

5          Wolfe asserts in her opposition that adjourning a deposition to seek guidance

6     from the Court is the same as instructing a witness not to answer. Wolfe states in her

7     opposition:

8          Atalla might contend that the instructions not to answer were revoked
           and Atalla brought a motion under Rule 30(d) instead. This contention
9          is mere semantics.

10    *Opposition, p. 3, fn 1.*

11         Wolfe is mistaken. It is not a matter of semantics. In the first instance, a party

12    is definitively refusing to provide the requested information. In the second instance,

13    the deposition is suspended temporarily until a judge can decide the disputed issue. If

14    the judge agrees with the deposing party, the deposition continues and the information

15    is provided.

16         The federal rules specifically provide for the suspension of a deposition to seek

17    input from the court on disputed issues. Rule 30 of the Federal Rules of Civil

18    Procedure contemplates the need to suspend a deposition. "At any time during a

19    deposition, the deponent or a party may move to terminate or limit it on the ground

20    that it is being conducted in bad faith or in a manner that unreasonably annoys,

21    embarrasses, or oppresses the deponent or party." *Fed. R. Civ. P. 30(d)(3)(A)*. The

22    motion to terminate or limit the deposition "must be filed in the court where the action

23    is pending or the deposition is being taken. **If the objecting deponent or party so**

24    **demands, the deposition must be suspended for the time necessary to obtain an**

25    **order.**" *Id*. In addressing such a motion, the Court "may order that the deposition be

26    terminated or may limit its scope and manner as provided in Rule 26(c)." *Fed. R. Civ.*

27    *P. 30(d)(3)(B)*.

28

4

1    Accordingly, the legal authorities cited by Wolfe discussing whether
2    instructions not to answer are proper are not applicable in this case.[1]

3    **B.  The Motion is not Procedurally Defective.**

4    Wolfe argues that the Motion is procedurally defective because the Motion
5    seeks relief under Rule 30(d) only in the alternative and that the primary relief sought
6    is a ruling that (1) the Wolfe Legal Group is not entitled to depose Mr. Atalla in his
7    personal capacity pursuant to a Notice of Deposition of Cuker Interactive, LLC, (2)
8    certain disputed questions were not authorized under applicable discovery rules, and
9    (3) prohibiting the examination of Mr. Atalla in his personal capacity in the context of
10    the corporate deposition of Cuker Interactive, LLC. Wolfe asserts that the only relief
11    that may be sought is under Rule 30(d) and be based on the ground that the deposition
12    is being conducted "in bad faith or in a manner that unreasonably annoys,
13    embarrasses, or oppresses the deponent or party." *Fed. R. Civ. P. 30(d)(3)(A)*. Wolfe
14    is mistaken.

15    Rule 30(d) presupposes that that the deposition was properly noticed and that
16    the discovery sought is within the scope of discovery under Rule 26. In this case,

17

18    [1] This is a simple discovery dispute. Any yet, in multiple places in the Opposition,
19    Wolfe inappropriately attacks opposing counsel and attempts to smear opposing counsel's
      reputation.  For example, Wolfe accuses Mr. Atalla's counsel of ethical violations and of
      trying to "mislead the Court" because the Motion did not cite cases related to instructions not
20    to answer. However, as discussed above, those cases are not applicable because the
      instructions not to answer were withdrawn during the deposition.

21    Wolfe also accuses opposing counsel of ethical violations for arguing that Wolfe's
      counsel admitted that he was conducting discovery for the Superior Court cases. However,
22    Mr. Atalla's characterization of the factual issue is a fair one. Wolfe tipped her hand when
      her counsel stated:
23
          "we're dealing with the same person, right, he is the representative of Cuker
24          and then he is also a defendant and my client says my client provided legal
          services for him personally as well …."

25    Wolfe's counsel made it clear that he was asking about the issues in the Superior
      Court case where Mr. Atalla is a defendant. Counsel could not "un-ring the bell" by later
26    making a self-serving denial that he was not seeking discovery for the purpose of the
      Superior Court cases.

27    Falsely accusing opposing counsel of legal and ethical violations in order to advance
28    a client's interest is a despicable practice and should not be tolerated by the Court.

1    Wolfe shifted mid-deposition from deposing the Company, Cuker Interactive, to

2    deposing Mr. Atalla in is personal capacity. Wolfe was not entitled to depose Mr.

3    Atalla in is personal capacity because, *inter alia*, (1) his deposition was not noticed,

4    (2) as a third-party witness Mr. Atalla would have to have been subpoenaed (which

5    did not occur), and (3) the subject matter of the questions related to a separate lawsuit

6    pending in the Superior Court and was not related to the current adversary proceeding.

7        Given that Wolfe was not entitled to conduct a deposition of Mr. Atalla in his

8    personal capacity on January 25th, Mr. Atalla was within his rights to simply refuse to

9    answer the questions because they were not questions addressed to deponent, Cuker

10   Interactive. Rather than simply refusing to answer the questions based on the reasons

11   discussed above, Mr. Atalla took the more prudent course of suspending the

12   deposition to ask the Court to decide whether Wolfe was entitled to depose Mr. Atalla

13   in his personal capacity during a deposition of the Company.

14       Some may say that they would rather ask for forgiveness than to ask for

15   permission. But Mr. Atalla cannot be faulted for seeking guidance from the Court,

16   rather than unilaterally deciding what Wolfe was not entitled to depose Mr. Atalla in

17   his personal capacity.

18       Moreover, the notion that Rule 30(d) precludes parties from seeking a court

19   ruling on broader issues of discovery is not supported by the law and does not make

20   any sense. The issue here is whether a third-party witness can be deposed in his

21   personal capacity, without notice or a subpoena, simply because his is appearing as

22   the spokesperson for the deposition of an LLC under Rule 30(b)(6). Consider a

23   hypothetical circumstance in which a party is deposing an LLC through its designated

24   representative and then turns to another person in the room and starts asking that

25   person questions. Would that person be limited to relief under Rule 30(d) based only

26   on the grounds that the deposition was being conducted "in bad faith or in a manner

27   that unreasonably annoys, embarrasses, or oppresses the deponent or party"? Of

28   course not. That person could seek a ruling from the court before she was required to

1    testify. This case is no different except that the third-party witness in the room is also

2    the person testifying on behalf of the LLC. But it is the LLC that is being deposed, not

3    the individual speaking on behalf of the LLC.

4
5
### C. Cuker Interactive Offered to Answer the Disputed Questions to the Extent that they Related to the Company.

6    During the deposition, counsel for Wolfe was asking purposely ambiguous

7    questions which did not specify whether the question related to the Company or to

8    Mr. Atalla in his personal capacity. Mr. Atalla's counsel objected to the purposely

9    ambiguous questions, but clearly stated on the record that Mr. Atalla would answer

10   the questions to the extent that they were being asked of the Company.

11   But counsel for Wolfe refused and demanded that Mr. Atalla answer the

12   questions which purposely did not distinguish between Mr. Atalla as the Company

13   representative and Mr. Atalla in his personal capacity. This exchange appears in the

14   transcript:

15
16   Q. So did you ever have any agreement between you and Wolfe Legal Group as to -- or an understanding as to how the work between the various lawyers would be divided?

17
18   MR. VanDERHOFF: Same objection. Ambiguous as to his capacity when you ask that question.

19   MR. CURRY: It's not relevant. I'm just asking whether he had an expressed agreement. And we can talk about on whose behalf that was in a minute. I'm just asking about communications to form an agreement.

20

21   BY MR. CURRY:

22   Q. Was there ever any communications in that regard to divide up the work between the lawyers, communications between you and the Wolfe Legal Group?

23

24   MR. VanDERHOFF: Same objection. Unless you specify in your question what capacity you're asking him, I'm going to instruct him not to answer. So, specify in your question in what capacity you're asking him, and we'll answer the question if it's on behalf of the company.

25

26

27

28

7

1   Wolfe's attempts to justify the disputed questions in her Opposition are

2   disingenuous. In her Opposition, Wolfe states:

3       The same is true regarding questions about whether, in fact, WLG was
        representing Cuker as well as Atalla personally. The first step in the
4       inquiry was to determine whether there was a communication or
        agreement in any capacity. Follow-up questions would have been asked
5       to test whether a communication or agreement Atalla contends was
        made on his own behalf was really made on Cuker's behalf or whether it
6       was made on behalf of both himself and Cuker.

7   *Opposition, p. 5.*

8   This explanation is disingenuous. Why would it be necessary to ask whether

9   Wolfe was representing Mr. Atalla personally in the context of the Adversary

10  Proceeding which only involves Wolfe's claims against the Cuker Interactive? That

11  issue only exists in the Superior Court cases. Wolfe essentially argues that it was

12  necessary and appropriate to ask if there were any agreements between Wolfe on one

13  hand and *either* Cuker Interactive and Mr. Atalla on the other, and then ask a follow-

14  up question as to who the agreements were with. The argument is absurd. It was a

15  deposition of Cuker Interactive. Wolfe could simply have asked if Cuker Interactive

16  had an agreement with Wolfe. All questions specifically asked of Cuker Interactive

17  were answered.

18  Wolfe was clearly attempting to conduct discovery on issues related only to the

19  Superior Court cases and was attempting to change the deposition from a deposition

20  of Cuker Interactive to a deposition of Mr. Atalla in his personal capacity. A

21  deposition of Mr. Atalla in his personal capacity was not noticed. Therefore, Wolfe

22  was not entitled to conduct such a deposition.

23  **D.  Updated Request for Reimbursement of Fees.**

24  The Motion requests the Court to order Wolfe to reimburse Mr. Atalla for his

25  legal fees in bringing this Motion. The fees incurred in bringing the motion and

26  preparing the reply total **$6,596.50**. These fees are reasonable. By comparison, Wolfe

27  requested a higher amount of legal fees just for preparing the Opposition.

28

### III. CONCLUSION

For the reasons stated herein, this Court should enter an order (1) determining that the Wolfe Legal Group is not entitled to depose Mr. Atalla in his personal capacity pursuant to a Notice of Deposition of Cuker Interactive, LLC, (2) determining that the Disputed Questions are not authorized under applicable discovery rules, (3) prohibiting the examination of Mr. Atalla in his personal capacity in the context of the corporate deposition of Cuker Interactive, LLC, and (4) ordering Wolfe to reimburse Mr. Atalla $6,596.50 for the cost of bringing the Motion.

March 11, 2022                    VANDERHOFF LAW GROUP

/s/ Alan Vanderhoff
By: _____
 Alan Vanderhoff
Attorneys for Non-Party, Adel Atalla

DECLARATION OF ALAN VANDERHOFF

I, Alan Vanderhoff, declare as follows:

1.      I am an attorney duly admitted to practice law before this Court. I am counsel for Adel Atalla in the above-captioned case. Except as otherwise noted, I have personal knowledge of the facts contained in this declaration.  If called as a witness, could testify competently thereto.

2.      The fees incurred by Mr. Atalla in bringing the Motion and preparing this reply total $6,596.50.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

March 11, 2022                  /s/ Alan Vanderhoff

                                          _____

                                                Alan Vanderhoff

EXHIBIT "A"

Adel Atalla Volume II
January 25, 2022

1  Let's move on.

2          I'm not going to waste any more time on this

3  unless you're going to take a new position.

4          MR. VanDERHOFF:  Todd?  Todd?  You can hear me,

5  right?

6          MR. CURRY:  I can hear you.

7          MR. VanDERHOFF:  Okay.  Good.

8          I mean, the other -- I mean, if you're

9  complaining about the procedure, the other procedure

10 would be to stop the deposition; go get a protective

11 order.  Would you prefer that we do that?

12         MR. CURRY:  I'm not going to tell you how to

13 practice law.  I'm just telling I've made my record.

14 I'm moving on now.  If you'd like to change your

15 position on that, you may do so.  But I'm going forward

16 on further questions now because we've got limited time,

17 and we need to move along --

18         MR. VanDERHOFF:  Just for the record --

19         (Simultaneous speaking)

20         MR. CURRY:  -- compel.

21         MR. VanDERHOFF:  Just for the record, we have

22 made -- you know, raised the issue of stopping the

23 deposition and seeking a protective order if you'd

24 prefer that.

25         And you are not agreeing to that either,

1          What she has done was unconscionable and just

2     creating, you know, a relationship that I did not

3     consent to.  You can ask Aaron Cuker.  But I personally,

4     Adel Atalla, never consented to her representing me

5     individually at any time before or after the posttrial

6     motion.  It's unconscionable what she did to us.

7     BY MR. CURRY:

8          Q.  So let me see if I understand what you just

9     said.  So what you're saying is when you wrote this

10    sentence here, "Hi, Aaron.  Please advice Deborah and

11    Brian that you, on behalf of Cuker, waive the conflict

12    for them to represent Adel Atalla," you're saying that

13    when you wrote that, you did not think that Wolfe Legal

14    Group was going to represent Adel Atalla?

15         A.  No, I did not.

16              MR. VanDERHOFF:  Hold on.  Hold on.

17              Objection.  This is again beyond the scope.

18              Having further reflected on your comments,

19    Todd, I will withdraw my prior instructions not to

20    answer.  But if you're going to pursue this line of

21    questioning, we'll have to adjourn the deposition, have

22    a meet-and-confer, and then, if we don't resolve it,

23    bring a motion for protective order.

24              MR. CURRY:  So you're not -- you're not going

25    to instruct him not to answer?  So I'll go ahead and ask

Adel Atalla Volume II
January 25, 2022

1   him the question, and you'll let him answer?

2              MR. VanDERHOFF:  No.  I'm going to -- if you

3   insist on asking the question, we're going to adjourn

4   the deposition at this very moment.  You and I will meet

5   and confer over the next week or so, and then I'll bring

6   a motion for protective order.  And then you can come

7   back later, if the judge agrees with you, and you can

8   ask those questions.

9              And as far as my prior instructions not to

10  answer, I withdraw those.  And we'll do it your way.

11  We'll do it the right way.

12             MR. CURRY:  Well, I'm not proposing anything

13  other than I'm going to bring a motion to compel based

14  on your -- based on refusal to answer the questions that

15  you told him not to answer.

16             MR. VanDERHOFF:  Well --

17             (Simultaneous speaking)

18             MR. CURRY:  Please don't interrupt me.  So you

19  can do whatever you want to do.  You can withdraw that,

20  and I'll look at my notes during the next break and see

21  if I can find those specific questions, and we can

22  decide if we're going forward with those.

23             But in the meantime, I have a question pending

24  which is following up on Mr. Adel -- Mr. Attala's

25  accusation that my client was deceitful and acted

Adel Atalla Volume II
January 25, 2022

1    improperly in asking for a conflict waiver.  That's an

2    allegation of unethical conduct, so I'm following up on

3    that.  I think that he did not realize that he was going

4    to be represented personally.

5    BY MR. CURRY:

6         Q.   So my question is, Mr. Atalla -- Mr. Atalla --

7              MR. VanDERHOFF:  I know what your question is.

8              (Simultaneous speaking)

9              MR. VanDERHOFF:  I know what your question is.

10             MR. CURRY:  Well, are you objecting and telling

11   him not to answer?

12             MR. VanDERHOFF:  No.  What I'm telling you is

13   that if you pursue this line of questioning, we will

14   adjourn the deposition at this very moment.  If you wish

15   to take a break, come back, and decide whether you want

16   to ask the questions of which I've withdrawn my

17   instructions not to answer, you can do so.

18             I suggest that you take a little time, think

19   about it, come back, tell us what you want to do.

20             But if you want to pursue this question and the

21   other ones that I objected to previously, the deposition

22   will adjourn.  Not end but adjourn.  That's the proper

23   way to do it.  And we'll come back another day after the

24   judge has decided this issue appropriately.

25             And there's -- you know, you said a motion to

Adel Atalla Volume II
January 25, 2022

1   compel.  There's nothing to compel at this point because

2   I have withdrawn my instruction not to answer.  But --

3            MR. CURRY:  Great.

4            MR. VanDERHOFF:  -- we will need to adjourn to

5   have the judge decide that because there's not a judge

6   on this -- you know, in this deposition right now.  So

7   it's going to be --

8            MR. BRESLAUER:  Can I --

9            (Simultaneous speaking)

10           MR. BRESLAUER:  At that point --

11           MR. VanDERHOFF:  And your choice is either --

12  either not to ask the questions because it was beyond

13  the scope, or we'll adjourn and we'll let the judge

14  decide, and then we'll re -- you know, come back another

15  day.  And if the judge agrees with you, you can ask the

16  questions.  So it's your choice.

17           MR. BRESLAUER:  Todd, could I take a

18  five-minute bathroom break?

19           MR. VanDERHOFF:  Sure.

20           MR. CURRY:  Sure.  Yeah.  That would be fine.

21  We'll come back at --

22           Well, actually, not with my question pending,

23  actually.  So I'm not withdrawing this question.

24           MR. VanDERHOFF:  Then you're going to have to

25  make the choice, Todd.  Do we adjourn --

In re Cuker Interactive LLC                                      Adv. No.  22-90002

<u>PROOF OF SERVICE BY ECF</u>

      I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of 18 years and not a party to the within action or proceeding.  My business address is 600 West Broadway, Suite 1550, San Diego, California 92101.

      On March 11, 2022, I served the following document(s)

**Reply**

by CM/ECF Notice of Electronic Filing by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List set forth below.

- **Michael D. Breslauer**    mbreslauer@swsslaw.com, wyones@swsslaw.com
- **K. Todd Curry**    tcurry@currylegal.com

      I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.  This proof of service was executed on March 11, 2022, in San Diego, California.

/s/ Alan Vanderhoff
_____
            Alan Vanderhoff