MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Plaintiff and Counter-Defendant CUKER INTERACTIVE, LLC

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CUKER INTERACTIVE, LLC,<br><br>Debtors.<br><br>CUKER INTERACTIVE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WOLFE LEGAL GROUP, PC,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 18-07363-LA11<br><br>Chapter 11<br><br>Adv No. 21-90002-LA 11<br><br>***AMENDED* MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CUKER INTERACTIVE, LLC'S OPPOSITION TO WOLFE LEGAL GROUP, P.C.'S MOTION FOR PARTIAL DISCRETIONARY ABSTENTION**<br><br>Date:  May 5, 2022<br>Time:  2:00 p.m.<br>Dept:  Two (2)<br><br>Honorable Louise DeCarl Adler |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................... 1

II.   FACTUAL BACKGROUND ................................................................................ 2

III.  DISCRETIONARY ABSTENTION IS INAPPROPRIATE ........................... 3

IV.  CONCLUSION ................................................................................................... 10

P:01541756.6:60665.017     -ii-     Adv. No. 21-90002-LA11

AMENDED MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF CUKER INTERACTIVE, LLC'S OPPOSITION TO WOLFE LEGAL GROUP, P.C.'S MOTION FOR PARTIAL DISCRETIONARY ABSTENTION

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Conejo Enters.*,
    96 F.3d 346 (9th Cir. 1996) ................................................................................................. 8

*In re Enron Corp.*,
    296 B.R. 505 (C.D. Cal 2003) .............................................................................................. 4

*In re GACN, Inc.*,
    555 B.R. 684 (9th Cir. B.A.P. 2016) .................................................................................... 5

*Langenkamp v. Culp*,
    498 U.S. 42, 111 S.Ct. 330, 112 L.Ed. 2d 343 (1990) ......................................................... 8

*In re Sun West Distributors, Inc.*,
    69 B.R. 861 (Bankr. S.D. Cal. 1987) (Adler, J.) .................................................................. 4

*Thompson v. Magnolia Petroleum Company*,
    309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940) ................................................................ 4

*In re Tucson Estates*,
    912 F. 2d 1162 (9th Cir. 1990) ............................................................................................ 5

*In re World Financial Services Center, Inc.*,
    64 B.R. 980 (Bankr. S.D. Cal. 1985) ................................................................................... 4

**Federal Statutes**

28 U.S.C.
    § 157(b)(2)(B) ...................................................................................................................... 7
    § 1334(c)(1) ..................................................................................................................... 3, 4

28 USC
    § 1334 ............................................................................................................................... 6, 7

1898 Bankruptcy Act ..................................................................................................................... 3

Reorganized Debtor, Plaintiff, and Counter-Defendant Cuker Interactive, LLC ("Cuker") respectfully submits this memorandum of points and authorities in opposition to the motion of Wolfe Legal Group, P.C. ("WLG") for partial discretionary abstention.

## I. INTRODUCTION

Remarkably, WLG seeks the Court's partial discretionary abstention following several years of activity before this Court with respect to WLG's filed claims and over a year following its answer and counterclaim in this adversary proceeding. Indeed, the request is an outrageous attempt to sidestep this Court's earlier ruling that WLG's allowable claim, if any, could be comprised ONLY of fees and costs incurred pre-petition. The existing superior court action WLG brought against Cuker's principals seeks to recover post-petition amounts claimed due from them, and one of the items now sought by WLG in its third amended claim (itself the subject of Cuker's pending motion for summary judgment) are <u>post-petition</u> costs incurred in taking a <u>post-petition</u> deposition. The suggestion of abstention now on this record is an inappropriate end-around attempt to avoid the effect of this Court's order.

The motion rests on several false foundations, any one of which is sufficient to deny WLG's untimely and unsupported request. While abstention at its core should be sparingly applied by the courts, it is usually reserved for those matters which involve unsettled areas or matters of state law. WLG admits that this matter involves no such unsettled or controversial areas of state law and conflates the mere existence of non-bankruptcy law issues to suggest that the court ought to abstain from this, and, by clear implication, any other claim objection filed by a debtor in a Chapter 11 case.

Cuker's third and fourth[1] causes of action represent Cuker's objection to WLG's Third-Amended claim. This final claim was filed following the Court's refusal to accept WLG's request to be appointed as Cuker's post-petition counsel, over Cuker's objections, for matters which WLG handled <u>after</u> the bankruptcy petition had been filed. Obviously, WLG filed no request seeking discretionary abstention in connection with the first claim objection proceeding in late 2020 and early 2021. But WLG appealed from the Court's decisions to partially sustain Cuker's claim objection and to deny WLG's motion for *nunc pro tunc* authority to be employed as Cuker's post-petition counsel. WLG abandoned those appeals, following Cuker's expense of unnecessary funds in dealing with them at the outset.[2]

So WLG seeks abstention now, asking this Court in its discretion to abstain from deciding Cuker's claim objections solely on the grounds that the proper place for resolution of the allowance of WLG's claim should be in litigation WLG commenced – not against Cuker – but against Cuker's principal officers in California Superior Court. In doing so, WLG incorrectly asserts the right to a jury trial in connection with matters arising in this adversary proceeding (it has none), ignores the core nature of the issues raised by this adversary proceeding, and gravely misinterprets the nature of abstention and its uses. WLG's motion should be denied.

## II.  FACTUAL BACKGROUND

WLG filed four claims in Cuker's Chapter 11 case. The first was filed on February 18, 2019, the second on June 2, 2020, the third on September 3, 2020, and the fourth (the third amended) on February 15, 2021 (following the court's determination that WLG had no allowable claim against Cuker for matters which

---

[1] Erroneously labeled a "third" cause of action in Cuker's Second Amended Complaint.

[2] WLG initially filed notices of appeal to the District Court of this Court's earlier decisions following the first claim objection. Main Case, Dkt. Nos 517, 518. The appeals were voluntarily dismissed. See Southern District Court Case Nos. 21-cv-00437-BEN and 21-cv-00441-BEN, each closed on June 29, 2021. It appears that WLG never filed notice of the dismissal of the two appeals in this Court.

arose post-petition).[3] Cuker filed its objection to WLG's Claim No. 5 on September 1, 2020.[4] In response to that claim objection, WLG filed its second amended claim on September 3, 2020. WLG timely responded to that first amended claim objection and the matter was heard on January 14, 2021. Also, on calendar at that time was WLG's motion for approval of retroactive employment as special litigation counsel to Cuker an allowance of its claim as an administrative expense.[5] Both Cuker and the U.S. Trustee objected to WLG's motion for approval of retroactive employment as special counsel and allowance of administrative expenses. By its order entered on February 2, 2021[6], the Court (i) granted Cuker's claim objection in part; (ii) required WLG to remit to Cuker funds from its trust account all sums not reflected in its third amended claim; (iii) denied in total WLG's motion for retroactive approval of employment and allowance of administrative expense; and (iv) authorized WLG to file within 15 days its amended claim of pre-petition fees and expenses incurred for which it sought allowance from Cuker's Chapter 11 estate.

Cuker filed its original complaint seeking an order finding that WLG's withdrawal from its trust account post-petition was a violation of the automatic stay requiring WLG to replace the funds in its trust account and objecting to the claim which will arise arose upon such replacement of funds. On March 2, 2021, Cuker filed its first amended complaint adding to the original complaint its objections to WLG's third amended claim No. 5-4.

## III.    DISCRETIONARY ABSTENTION IS INAPPROPRIATE

Abstention pursuant to 28 U.S.C. §1334(c)(1) is an extraordinary tool granting the court discretion for limited circumstances to decline to hear a case or a matter. The origins of discretionary abstention date to the 1898 Bankruptcy Act which began

---

[3] Main Case; Dkt. No. 508.
[4] Main Case; Dkt. No. 376.
[5] Main Case; Dkt. Nos. 467, 468, 471.
[6] Main Case; Dkt. No. 509.

from the principle that the court was under an inherent duty to allow litigation of a particularly unsettled question or controversy under state law to go forward in a non-bankruptcy forum. *Thompson v. Magnolia Petroleum Company,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). Commentators have expressly noted that "it is clear that §1334(c)(1) continues the philosophy that governed discretionary abstention under its predecessors. Indeed, as one court noted 'Magnolia Petroleum and §1334(c)(1) mandate that a federal court exercising bankruptcy jurisdiction "defer to the state court for determination of a particularly unusual question" of state law.[7] This philosophy has lead many courts to conclude that discretionary abstention should be predominantly reserved for controversies involving unsettled questions of state law.[8] The limited nature of abstention has lead some courts to conclude that the court's discretion should be exercised narrowly and that discretionary abstention should be the exception, not the rule.[9]

In the context of this case, discretionary abstention is particularly unwarranted given the routine nature of claim objection proceedings in this court. Almost by definition, objections to a creditor's claim and its allowance or disallowance are decided as a matter of state or at least nonbankruptcy law. It is not surprising that not one of the cases WLG cites involves facts remotely similar to those presented here with Cuker's objection to WLG's claim.

The caselaw WLG cites to merely to cite the standards almost always involve factual situations dramatically different to a Chapter 11 reorganized debtor pursuing a routine claim objection against a creditor that has filed a claim in the bankruptcy

---

[7] See, 1 Colliers on Bankr., 16th Ed., ¶3.05[1] citing *In re PanAmerican Corp.*, 950 F.2d 839, 846 (16th Ed. 1991).

[8] See, e.g. *In re Sun West Distributors, Inc.*, 69 B.R. 861, 867 (Bankr. S.D. Cal. 1987) (Adler, J.) (Abstention not appropriate where state law issues presented are not unsettled) and *In re World Financial Services Center, Inc.*, 64 B.R. 980, 989 (Bankr. S.D. Cal. 1985) (Abstention appropriate where unsettled state law issues are presented requiring state law interpretation).

[9] 1 Colliers 16th Ed., ¶3.05[1] at 3-65, and cases cited therein at note 11.

case. In that light, this case is profoundly different from *In re Enron Corp.*, 296 B.R. 505 (C.D. Cal 2003) (abstention raised in connection with remand following party's pursuit of state law claims in state court removed to the bankruptcy court) from *In re GACN, Inc.*, 555 B.R. 684 (9th Cir. B.A.P. 2016) (adversary proceeding filed seeking declaratory relief determining the debtor's and the carrier's rights under state law arising from a pre-petition insurance contract) or *In re Tucson Estates*, 912 F. 2d 1162 (9th Cir. 1990) (litigation surrounding relief from the automatic stay and whether existing state lawsuit between the debtor and principals should be allowed to proceed). Indeed, WLG utterly fails or much less even attempts to explain why this case and this claim objection is different than any other claim objection the court is asked to resolve in connection with a Chapter 11 debtor's reorganization. Nevertheless, an examination of the facts courts use in connection with analyzing discretionary abstention support denial of this motion.

The factors used by the courts to analyze requests for discretionary abstention have been repeated frequently. *In re GACN, Inc.*, 555 B.R. 684, 694 (9th Cir. B.A.P. 2016). Those factors and discussion are set forth below:

<u>Factor 1 - The effect (or lack thereof) on efficient administration of the estate if a court recommends abstention</u>. The resolution of claims, including WLG's filed claim, is integral to the efficient and ultimate administration of the estate. While Cuker is a reorganized debtor and the outcome of this claim dispute will have no foreseeable impact on Cuker's confirmed chapter 11 plan, the plan itself is binding on the parties and calls for the resolution of claims objections by the reorganized debtor in the bankruptcy court. The Court specifically reserved jurisdiction for the purpose of resolving objections to claims following confirmation[10]. It is notable that the Cuker objections to WLG's claim had already been filed when Cuker's Fourth Amended Plan was filed on October 14, 2020. WLG raised no objection or

---

[10] Main case Docket No. 404, Section V(D), page 24.

argument for abstention at that time. This Factor weighs heavily against Abstention.

<u>Factor 2 - The extent to which state law issues predominate over bankruptcy issues</u>. The allowance of WLG's claims are matters decided under California, not bankruptcy, law. Given the quotidian use of state law in bankruptcy to decide allowance of claims, this factor is neutral.

<u>Factor 3 - The difficulty or unsettled nature of applicable law</u>. WLG admits that the Claim objection involves no unsettled or difficult matters under California law. this factor weighs against abstention.

<u>Factor 4 - The presence of a related proceeding commenced in state court or other nonbankruptcy court</u>. WLG supposes that the identical cases filed against Mr. Atalla and Mr. Cuker suffice as a stand-in for the substance of this factor, which, fairly read, means that the parties are already involved in a pending state court matter. This is not the case: Cuker is not a party to the two WLG suits. WLG describes 'what happens next' as a simple matter, seeking Cuker's affirmative act to intervene or WLG's act to amend to add Cuker as a defendant. This simplistic analysis ignores that the parties here have conducted significant discovery on both sides, documents have been exchanged, depositions have been taken and difficult, potentially expensive and delaying issues will confront the parties if forced to litigate alongside WLG's claims against Mr. Atalla and Mr. Cuker. Moreover, the State court litigation, as Cuker understands it, seeks recovery for the post-petition amounts already disallowed by this Court. WLG's two (why are there two?) Superior Court cases involve different parties, different claims and different facts. The claims left in the bankruptcy proceeding involve only pre-petition claims for services and recovery of costs. This factor weighs against abstention.

<u>Factor 5 - The jurisdictional basis, if any, other than 28 USC § 1334</u>. The Court's jurisdictional basis for this adversary proceeding, while rooted in 28 U.S.C. Section 1334 also has roots in the simple fact that **WLG filed claims** in this Court. WLG came voluntarily to these proceedings and has consented to the Court's

jurisdiction to hear, resolve and enter final orders regarding allowance of WLG's claims. While the claim objection's status as a paradigmatic core proceeding (28 U.S.C. Section 157(b)(2)(B)) is not directly relevant to the decision to abstain, here the litigation is solely about WLG's filed claims and Cuker's objections. For this reason, WLG's reliance on a 'but for' section 1334 argument is unsound. This factor weighs against or is neutral regarding abstention.

<u>Factor 6 - The degree of relatedness or remoteness of the proceeding to the main bankruptcy case</u>. In discussing this factor, WLG conflates the amount at stake and the timing of the dispute before the Court with the statutory right of a debtor to object to claims filed in the bankruptcy case. While the amounts at stake are not likely to affect the outcome of the confirmation proceedings, there is no doubt, nor has WLG shown any, that claims and claim objection litigation are at or close to the very center of the bankruptcy process. WLG's result-oriented approach is wrong; WLG's filed claim and Cuker's objection to it are at the very heart of the reorganization process. This factor weighs heavily against abstention

<u>Factor 7 - The substance rather than the form of an asserted core proceeding</u>. WLG misses the point here; The claims objection process is not necessarily more streamlined where, as here, the parties required substantial discovery to be undertaken to ready the case for dispositive motions. The only part of this process which could logically have been undertaken near the inception of the case is this very motion to abstain. After all, WLG filed the first of its two lawsuits in July 2021, less than two months after it filed its answer and counterclaim in this Adversary proceeding. This factor is at best neutral regarding Abstention.

<u>Factor 8 - The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court</u>. WLG's arguments regarding the severability of the claim objection matters to be determined in the state court, presumably to be sent back to the bankruptcy court for ultimate allowance, ignores as above the disparity of the

status of the two proceedings. Cuker does not wish to prolong its presence in bankruptcy court any longer than necessary. Once the stay violation and claim objection proceedings are resolved by summary adjudication or otherwise, Cuker intends to as quickly as practicable move the Court for entry of a final decree closing the chapter 11 case. WLG's belated request for abstention now that the case is ready for disposition inappropriately prejudices Cuker's ability to wrap up the bankruptcy as quickly as possible. This factor favors denial.

<u>Factor 9 - The burden of the bankruptcy court's docket</u>. This factor is neutral

<u>Factor 10 - The likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties</u>. WLG's statement on this factor appears fatuous, asserting that Cuker is forum-shopping by asserting a claim objection in this Court as per its confirmed plan, rather than filing suit in state court. It is especially notable and ironic that this factor, addressing forum shopping, should be raised by WLG against Cuker. WLG, through this very request to change the forum, seeks a different environment than the one in which WLG's claims were sharply and clearly limited and disallowed.

The argument that Cuker connived a bankruptcy filing to deprive WLG of perceived jury trial rights is specious, given that WLG's filed claim exists as a barrier to a Seventh Amendment jury trial right. *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed. 2d 343 (1990). (By filing a claim against a bankruptcy estate, the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power). *In re Conejo Enters*., 96 F.3d 346, 354, n. 6 (9th Cir. 1996) (the "law is clear" that once a creditor files a proof of claim, creditor is subject to the bankruptcy court's equitable power and waived any right to a jury trial regarding allowance or disallowance of claims.). This factor weighs heavily against abstention.

<u>Factor 11 - The existence of a right to jury trial</u>. See discussion regarding Factor 10. This Factor weighs against abstention.

Factor 12 - The presence in the proceeding of non-debtor parties. WLG again sets up facts that do not now exist and are not properly in existence if the matters are resolved separately. *Of course,* Ms. Wolfe and Mr. Atalla would be witnesses in a state court action, but again, the matters here and now before this court involve claims which are asserted against Cuker and which arose pre-petition, while the claims asserted by WLG against the Cuker principals are those which this Court disallowed as against Cuker. And now WLG wants to litigate those matters again against Cuker in the state court? This factor weighs against abstention.

Factor 13 - Comity. WLG uses the factor of "comity" in an unusual fashion and in a way which, as noted above, swallows the rule and the analysis. Comity reflects the deference that might be paid by federal courts to state courts in an area of state law which is unsettled or where an issue presents a legal question not previously addressed by the state court. Comity surely does *not* mean that every time a state law issue is raised in a bankruptcy case that the bankruptcy court ought to grant a request to abstain just because it is a state law issue. Principles of 'comity' surely do not dictate or suggest that a proper result here would be to abstain just because California law will be applied to decide the allowance of WLG's claim. This factor weighs against abstention.

Factor 14 - The possibility of prejudice to other parties in the action. WLG impossibly suggests that to start over in another court, requiring the addition of new parties and new start-up pleadings will visit no prejudice on Cuker. This seems preposterous when viewed in light of the completion of discovery and presentation of dispositive motions before the Court which at worst will further refine or narrow the issues for any trial which is required. The true state is that an abstention order at this stage of the case will dramatically prejudice Cuker to WLG's gain. WLG's motion for discretionary abstention should be denied.

## IV. CONCLUSION

This motion should fail for multiple independent reasons. The motion is profoundly untimely, would result in material prejudice to Cuker, is a thinly veiled effort to forum shop, and is legally unsupported. For the reasons expressed above, the Court should decline WLG's invitation to exercise its discretion to abstain from hearing and deciding this matter and deny the motion.

DATED: April 13, 2022

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: /s/ Michael D. Breslauer
MICHAEL D. BRESLAUER
Attorneys for Plaintiff and Counter-Defendant CUKER INTERACTIVE, LLC

# PROOF OF SERVICE

I, WENDY A. YONES, declare as follows:

I am employed in the County of San Diego, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, CA 92101, in said County and State. On April 13, 2022, I served the following document(s):

*AMENDED* **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CUKER INTERACTIVE, LLC'S OPPOSITION TO WOLFE LEGAL GROUP, P.C.'S MOTION FOR PARTIAL DISCRETIONARY ABSTENTION**

on each of the interested parties as follows:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 13, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**K. Todd Curry - tcurry@currylegal.com**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  April 13, 2022         By: /s/ Wendy A. Yones
                                    WENDY A. YONES