TENTATIVE RULING

ISSUED BY JUDGE LOUISE DECARL ADLER

Adversary Case Name:   CUKER INTERACTIVE, LLC v. WOLFE LEGAL GROUP, PC

Adversary Number: 21-90002

Case Number:    18-07363-LA11

Hearing:    02:00 PM Thursday, April 21, 2022

Motion:    MOTION BY NON-PARTY FOR ORDER DETERMINING THAT PROPOSED DISCOVERY IS NOT AUTHORIZED; OR, IN THE ALTERNATIVE, FOR AN ORDER TERMINATING OR LIMITING DEPOSITION, FILED BY ALAN VANDERHOFF ON BEHALF OF ADEL ATALLA.

The motion of non-party Adel Atalla ("Atalla") for an order adjudicating that Wolf Law Group ("WLG") is not entitled to depose Atalla in his *personal capacity* pursuant to WLG's notice of deposition of "Cuker Interactive, LLC" ("Debtor") is **GRANTED**.   If WLG wants to obtain the testimony of Atalla *personally*, it must comply with the Federal Rules of Civil Procedure to depose a non-party witness.

This adversary proceeding is a two-party dispute between the Debtor and its prepetition attorney, WLF, *regarding an alleged violation of the automatic stay*. The Debtor alleges that WLG drew down $60,670.08 from its prepetition retainer after this bankruptcy case was filed in violation of the automatic stay, so the transfer is void and must be returned.   *Atalla is not a party in this adversary proceeding*. His involvement in this action is as the Debtor's primary spokesperson and a percipient witness. In contrast, Atalla is a party in two pending state court actions filed by WLG against Atalla and Aaron Cuker, the Debtor's other principal, to hold them *personally* liable for nonpayment of (postpetition) legal fees for WLG's services rendered to Atalla individually and for fraud. There is a motion to set aside entry of default and a demurrer pending which the state court has not yet decided.

In this adversary proceeding, WLG served a notice of deposition of *the Debtor* (hereinafter "the Company"). Atalla was not mentioned in or served with the deposition notice; nor was he subpoenaed to personally testify at this deposition as a percipient witness. The deposition of the Company took place on January 25, 2022. At the January 25 deposition, Atalla appeared as the Company's spokesperson per FRCP 30(b)(6). This Rule requires the Company to designate someone to testify on its behalf regarding "information known or reasonably available to the [Company]."

Atalla contends, and the Court agrees, that that WLG's questioning at the January 25 deposition improperly turned to Atalla *personally*. The deposition transcript confirms that WLG's attorney, Mr. Curry, asked for Atalla's *personal* views and opinions respecting several questions and WLG's opposition does not dispute this fact. [*See* Opposition, ECF No. 58, Pg. 5:9-14 ("Thus, when Atalla was questioned in the deposition whether, *in his personal capacity* … he ever instructed WLG to cease work, or whether [it was his position that] there was an agreement to divide services among the various lawyers, the questions clearly were relevant because the communications and agreements were not necessarily clear in what capacity Atalla was making them. The same is true regarding questions about whether, in fact, WLG was representing Cuker *as well as Atalla personally*.") Mr. Curry justifies this line of *personal* questioning – and his refusal to clarify that Atalla need only answer on behalf of the Company -- as proper because Atalla wore "two hats." However, Atalla wore only one hat at the deposition: He was the Company's spokesperson for whom he was giving testimony. WLG's intention to seek Atalla's dual-capacity testimony was not properly noticed because the deposition notice was of the Company. This legal distinction between a Company's spokesperson and a person *individually* cannot be ignored; nor can the different Rules of Procedure to depose a non-party witness be ignored. Therefore, the motion for an order adjudicating that WLG is not entitled to depose Atalla in his *personal* capacity pursuant to this deposition notice is granted.

Additionally, the Court agrees that many of the objectionable questions have very little relevance to the claims/defenses in this action. Mr. Curry claims the questions were directed to the relevant issues of: (i) Whether Atalla is *personally* liable to WLG for services rendered to him personally or at his request; (ii) whether Atalla in his *personal* capacity believed there was an agreement to divide the work among lawyers; or (iii) whether and when Atalla ever *personally* asked WLG to stop performing services for him personally. [*See* Curry Decl., ECF No. 60, ¶¶ 3-6 and Ex. 2] While this line of questioning is highly relevant to WLG's claims against Atalla *personally* in the state court actions, it is unclear how these questions relate to the claims/defenses pled in this action. Consistent with the requirements of FRCP 30(c)(2), Mr. Breslauer and Mr. Vanderhoff stated their vagueness and relevance objections on the record. Additionally, Mr. Breslauer (who represents *the Company*) offered to have *the Company* answer the questions to the extent they related to *the Company*, which was the only proper deposition taking place on January 25. Because Atalla was not properly the deponent of the January 25 deposition, FRCP 30(c)(2) did not obligate Atalla to answer any questions (relevant or irrelevant) directed to him *personally*; nor did it require him to continue with the deposition as to questions directed to him *personally*. His refusal to *personally* answer was within his rights.

For the above reasons, the motion is granted. Atalla's request for monetary sanctions of $6,596.50 to reimburse his attorney's fees and costs to bring this dispute before the Court is also granted.   Sanctions shall be paid within 30 days of entry of the order.    If counsel for WLG is prepared to accept the tentative ruling, he should notify counsel for

Atalla and the Company and appearances will be excused. Counsel for Atalla shall prepare and lodge an order in accordance with the Court's tentative ruling.