CURRY ADVISORS
A Professional Law Corporation
 K. Todd Curry (149360)
185 West F Street, Ste. 100
San Diego, California 92101
Telephone:  (619) 238-0004
Fax Number: (619) 238-0006

Counsel for Defendant/Counterclaimant
Wolfe Legal Group, PC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ADVERSARY NO. 21-90002-LA |
| CUKER INTERACTIVE, LLC, | |
| | REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL DISCRETIONARY ABSTENTION |
| Debtor. | |
| Bankruptcy Case No. 18-07363-LA11 | |
| _____ | |
| CUKER INTERACTIVE, LLC, | |
| Plaintiff, | Date:   May 5, 2022 |
| v. | Time:  2:00 p.m. |
| | Dept:   Two |
| WOLFE LEGAL GROUP, PC, | Honorable Louise DeCarl Adler |
| Defendant. | |
| _____ | |

/ / /

/ / /

/ / /

1    Defendant and Counterclaimant, Wolfe Legal Group, PC ("WLG"), respectfully submits

2    this reply memorandum of points and authorities in support of its motion for partial discretionary

3    abstention (the "Motion").  This memorandum responds to the Amended Opposition ("Opp.")

4    filed by Cuker Interactive, LLC ("Cuker") *on April, 13, 2022* as Docket No. 88.

5                                                    **I.**

6          **PARTIAL ABSTENTION WOULD NOT ALLOW WLG TO "SIDE-STEP"**

7              **THE COURT'S RULINGS ON POST-PETITION FEES AND COSTS.**

8    Cuker incorrectly contends that WLG is seeking to avoid the Court's prior orders

9    regarding WLG's post-petition fees and costs.  Opp. at 1.  Glaringly absent from Cuker's

10   opposition is any explanation regarding how partial abstention as to WLG's claims for fees and

11   costs incurred ***pre-petition*** (*i.e.*, Cuker's, Second, Third, and Fourth Causes of Action) somehow

12   could evade the Court's prior rulings that WLG cannot be paid for its ***post-petition*** fees and costs

13   because WLG was not employed by the debtor in possession to perform post-petition services,

14   and that *nunc pro tunc* employment of WLG was not warranted.  *See* Docket Nos. 508, 509 in

15   Case No. 18-07363.  WLG requests that the Court take judicial notice of previously filed papers

16   referenced herein.  F.R. Evid. 201.  The fees and costs that are the subject of this Adversary

17   Proceeding are ***pre-petition*** fees and costs, not ***post-petition*** fees and costs.  Cuker admits as

18   much.  Opp. at 6 ("The claims left in the bankruptcy proceeding involve only pre-petition claims

19   for services and recovery of costs").  Why Cuker believes that this Court's prior orders are not

20   binding on the state court, or that the state court somehow would be incapable of following this

21   Court's prior Orders, or that WLG somehow could or would seek to recover from Cuker in the

22   state court fees and costs that this Court already disallowed, is a complete mystery.  Cuker is

23   concocting a parade of horribles without any basis for doing so.  The Court could simply order

24   that abstention is conditioned on the state court and the parties following this Court's prior

25   orders.  Problem solved (if there really is a problem).

26   Cuker also wonders why WLG did not seek abstention in connection with the prior claim

27   objections relating to WLG's post-petition fees and costs.  Opp. at 2.  Whether a movant sought

28   abstention in connection with an entirely different proceeding in the main bankruptcy case is not

1  among the 14 recognized factors in determining an abstention request.  Nevertheless, Cuker

2  overlooks that at the time of the prior claim objection proceedings, WLG had not yet commenced

3  the state court proceeding (one of the key abstention factors that relates to prejudice and judicial

4  economy), and that WLG filed the state court proceeding against Mr. Atalla and Mr. Cuker only

5  after the Court disallowed WLG's bankruptcy claim for post-petition fees and costs

6                                              **II.**

7                              **THE MOTION IS TIMELY.**

8          Cuker contends, without citation to any authority, that the Motion is untimely.  Cuker

9  appears confused by the difference between mandatory abstention under 28 U.S.C. § 1334(c)(2),

10  which expressly includes a timeliness element, and discretionary abstention under 28 U.S.C. §

11  1334(c)(1), for which no such element appears in the statute or in the applicable 14-factor test.

12  There is no timeliness requirement when it comes to discretionary abstention.  *See Phase One*

13  *Landscapes, Inc. v. Hook (In re Smith)*, 378 B.R. 418, *7 (10th Cir. BAP 2007) ("a timely motion

14  is expressly required pursuant to 28 U.S.C. § 1334(c)(2) for mandatory abstention, but not under

15  28 U.S.C. § 1334(c)(1) for discretionary abstention"); *Wood v. Wood (In re Wood)*, 84 B.R. 432,

16  434 (S.D. Miss. 1988) ("Had the drafters of Section 1334(c) intended that both mandatory and

17  permissive abstention be considered only on timely motion, both sections would have contained

18  the relevant language").

19          Cuker complains about "delay" but fails to specify any significant prejudice that it would

20  suffer from partial abstention.  All discovery between Cuker and WLG has been completed in

21  this Adversary Proceeding, and it can be used in the state court.  Also, this Court can and should

22  condition partial abstention on the discovery between WLG and Cuker being deemed complete in

23  the state court as well, except as needed to prove claims against Mr. Atalla and Mr. Cuker (to

24  which discovery Cuker remains subject at present in the state court).  To the extent, if any, that

25  Cuker would be drawn into discovery between WLG and the state court defendants, that risk is

26  no different than exists at present–Cuker may become involved to some degree in the pending

27  state court litigation and discovery regardless of whether it is a party to that

28  / / /

1    action.  To preserve judicial economy, the Court can and should simply order that abstention is

2    conditioned on the discovery restriction noted immediately above.

3        Cuker also fails to mention the roles that its own principals, Mr. Atalla and Mr. Cuker,

4    have played in causing delay.  Mr. Cuker was served with process in the state court action on

5    August 15, 2021.  Shortly thereafter, on August 26, 2021, counsel for Mr. Atalla, who obviously

6    had been tipped off by Mr. Cuker about the lawsuit, contacted WLG's counsel, requested

7    information, but refused to accept service on behalf of Mr. Atalla.  Such refusal by counsel is

8    atypical.  Mr. Atalla thereafter evaded services of process on multiple occasions (including when

9    the process server could hear people inside Mr. Atalla's home but they would not respond).  Five

10   attempts to serve Mr. Atalla at Cuker's premises in July and August of 2021 failed.  Five more

11   attempts to serve him at his residence in August of 2021 failed, including instances when cars

12   were in the driveway, no one would answer, and voices could be heard inside.  A stakeout was

13   performed in September of 2021, to no avail.  Finally, after WLG incurred the expense of hiring

14   a private investigator to wait outside Mr. Atalla's home until he could be served, he was served

15   on January 1, 2022 through his spouse and follow-up mail as allowed by California law.  *See* the

16   accompanying Reply Declaration of K. Todd Curry dated April 20, 2022 ("Curry Reply Decl."),

17   ¶¶ 2-5.  As for Mr. Cuker, his default was entered on November 19, 2021, and he delayed until

18   March 16, 2022 to file a motion to set aside that default, setting the hearing for May 13, 2022.

19   Mr. Atalla filed a demurrer on February 10, 2022, and he set it for hearing in March of 2022 in

20   one action and in July of 2022 in the other action.  Curry Reply Decl., ¶ 6.  Knowing that WLG

21   intended to seek abstention (because WLG pled it as its Fifteenth Affirmative Defense, *see*

22   Docket No. 32), both of Cuker's principals deliberately have sought to delay the state court

23   proceeding so that Cuker could claim that there are timing differences between the two actions.

24   Therefore, Cuker's complaints about supposed delay ring hollow.

25   / / /

26   / / /

27   / / /

28   / / /

### III.

### CUKER OVERLOOKS WHY THIS IS NOT

### AN ORDINARY CLAIM PROCEEDING.

Perplexingly, Cuker contends that WLG has not explained why the claims objections presented in this Adversary Proceeding are different than any run of the mill claim objection. Opp. at 5.  Cuker's contention makes no sense.  As WLG already explained, but which Cuker appears to have overlooked: Among other reasons, there is a parallel state court proceeding involving the same or very similar facts, claims (although this Adversary Proceeding involves only pre-petition fees and costs while the state court action involves both pre-petition and post-petition fees and costs), defenses, and witnesses, and there is a risk of prejudice through possibly inconsistent results, the litigation is only remotely related to Cuker's main bankruptcy case, and it would be a waste of judicial and party resources having two trials on the same issues of disputed fact.  Also, Cuker raises issues of the standard of care for legal services, a specialized area of California law that state courts address frequently.  *See* WLG's Motion at 8-11.

### IV.

### CUKER INCORRECTLY ANALYZES MOST OF THE 14 FACTORS

### APPLICABLE TO DISCRETIONARY ABSTENTION.

WLG addresses below the various factors that Cuker analyzed incorrectly.

**Factor 1 (the effect (or lack thereof) on efficient administration of the estate if a court recommends abstention):**  Cuker is a reorganized debtor.  There is nothing left of Cuker's reorganization effort.  Cuker's Court-approved Amended Disclosure Statement reveals, in the cash flow projections, that Cuker's plan does not depend in any manner on Cuker recovering on claims against third parties.  In fact, the only such recovery mentioned in the projections is a $61,765 "recovery" in the form of application of WLG's retainer toward WLG's claim, which exceeds that amount, such that the $61,765 is both a receipt and a disbursement in the projections.  *See* Docket No. 404 at p. 108-09  of 109 & n.3.  Having represented to the Court and creditors that its reorganization effort does not depend or rely on recoveries from third parties, it is disingenuous for Cuker to claim otherwise now.

1    Further, under California law, Cuker likely must indemnify Mr. Atalla and Mr. Cuker on

2 account of the state court proceedings that are pending against them.  *See* Cal. Corp. Code §

3 17704.08.  Therefore, the state court litigation will affect Cuker regardless of whether it is a party

4 to that action.

5    Cuker writes:

6       It is notable that the Cuker objections to WLG's claim had already
        been filed when Cuker's Fourth Amended Plan was filed on
7       October 14, 2020. WLG raised no objection or argument for
        abstention at that time.

8

9 Opp. at 5-6.  Cuker did not file this Adversary Proceeding until ***January 4, 2021*** [Docket No. 1].

10 Obviously, WLG could not request abstention as to this Adversary Proceeding back in October of

11 2020 as Cuker contends.  In its May 21, 2021 Answer and Counterclaim [Docket No. 32] to

12 Cuker's First Amended Complaint, WLG raised abstention as its Fifteenth Affirmative Defense.

13 This Adversary Proceeding simply has no significant effect on the efficient administration of

14 Cuker's completed Chapter 11 case.

15    **Factor 2 (the extent to which state law issues predominate over bankruptcy issues):**

16 Cuker misapplies Factor 2.  As discussed in WLG's Motion, exclusively state law governs

17 Cuker's Second, Third and Fourth Causes of Action.  All of the issues raised in Cuker's

18 Complaint, which involve alleged professional negligence, alleged excessive charges, and

19 alleged services outside of the scope of the Engagement Agreement, involve no federal law and

20 only California state law.  Cuker's assertion that state law often is involved in a claim objection

21 proceeding is a red herring, because Factor 2 does not carve out claims proceedings from

22 eligibility for abstention.  Factor 2 favors abstention.

23    **Factor 3 (the difficulty or unsettled nature of applicable law):**  Cuker incorrectly

24 states that: "WLG admits that the Claim objection involves no unsettled or difficult matters

25 under California law." Opp. at 6.  That is not what WLG wrote in its Motion, which was as

26 follows:

27 / / /

28 / / /

As mentioned above, Cuker complains of, among other things, professional negligence, which implicates the standard of care for attorneys. Although California law concerning professional negligence is not necessarily unsettled, this is a specialized area of law better suited for the State Court. This factor favors abstention.

WLG's Motion at 9. Abstention is appropriate where a claim is a traditional matter for state civil courts or involves state law issues for which the state court has expertise and the bankruptcy court does not. *See In re Weinberg*, 153 B.R. 286, 293 (Bankr. D. S.D. 1993); *Perlow v. Perlow*, 128 B.R. 412, 416 (E.D. N.C. 1991).

**Factor 4 (the presence of a related proceeding commenced in state court or other nonbankruptcy court):** Cuker complains that substantial discovery has taken place in this Adversary Proceeding. Cuker fails to mention that that is virtually all that happened between WLG and Cuker in this Adversary Proceeding until the parties filed dispositive motions on March 28, 2022. *See* the Curry Reply Decl., ¶ 7. Cuker fails to explain why it matters that substantial discovery has taken place. It is the same discovery that would have occurred in the state court had abstention been requested and granted earlier. WLG has no need or desire to conduct more first party discovery against Cuker. To the extent, if any, that WLG requires incidental discovery against Cuker in connection with the state court claims against Messrs. Atalla and Cuker, Cuker's potential involvement in that discovery would be the same regardless of whether or not abstention is granted. The Court should condition abstention on the discovery between WLG and Cuker being deemed complete in the manner described in Part II above.

Cuker cryptically contends that "difficult, potentially expensive and delaying issues will confront the parties if forced to litigate alongside WLG's claims against Mr. Atalla and Mr. Cuker." Opp. at 6. WLG does not know what Cuker is referring to, nor does Cuker say. Cuker's position is that WLG should have to try the same issues twice, at substantial cost and risk of inconsistent results, with possibly binding results on the state court, where WLG has a right to a jury trial that Cuker seeks to quash. In contrast to the significant prejudice faced by WLG, the only "prejudice" that Cuker claims it will suffer is some delay, and it fails to offer any evidence of how that alleged delay will impact it.

/ / /

1    Cuker also misstates what WLG seeks in the state court, claiming that WLG seeks only

2    the *post-petition* amounts owed.  WLG's claims in the state court are not limited to post-petition

3    fees and costs.  WLG plainly seeks more than that.  It seeks, among other things, "all amounts

4    that Plaintiff may be required to pay Cuker on account of Plaintiff allegedly having received

5    payment in violation of the automatic stay in Cuker's Chapter 11 case, if any such amounts

6    exist." *See* the Curry 3/28/22 Decl. [Docket No. 73], Ex. 1, ¶ 19. ***These amounts are the***

7    ***amounts already paid to WLG on account of  pre-petition services, which are the same***

8    ***payments Cuker seeks to claw back pursuant to its Second Causes of Action.***  Thus, WLG

9    seeks to recover for, among other things, any previously paid pre-petition fees and costs for

10   which WLG is found not eligible to be paid for any reason.  WLG also seeks in the state court to

11   be paid for all pre-petition services for which it has not yet been paid.  Thus, there is complete

12   overlap of  claims in this Adversary Proceeding and claims in the state court with respect to ***pre-***

13   ***petition*** fees and costs, and WLG also seeks ***post-petition*** fees and costs from Mr. Atalla and Mr.

14   Cuker, which this Court previously determined the bankruptcy estate is not required to pay.

15   Cuker's attempt to mischaracterize WLG's claims in the state court as purely claims for post-

16   petition fees and costs is, simply wrong.  Factor 4 favors abstention.

17       **Factor 5 (the jurisdictional basis, if any, other than 28 U.S.C. § 1334):**  Cuker turns

18   the jurisdictional analysis on its head.  The sole jurisdictional basis for Cuker's Second, Third,

19   and Fourth Causes of Action is 28 U.S.C. § 1334(b) (proceedings arising under title 11, or arising

20   in or related to cases under title 11).  There is no other basis for federal jurisdiction.  Cuker

21   admitted as much in its First Amended Complaint, alleging jurisdiction "pursuant to 28 U.S.C.

22   §§ 157 and 1334."  Docket No. 12, ¶ 5.  Section 157 is not a source of jurisdiction; rather, it

23   authorizes the district court to delegate its bankruptcy jurisdiction under section 1334 to the

24   bankruptcy court such that the bankruptcy court's jurisdiction derives from the district court's

25   jurisdiction under section 1334.  Factor 5 favors abstention.

26       **Factor 6 (the degree of relatedness or remoteness of the proceeding to the main**

27   **bankruptcy case):**  Cuker misapplies factor 6.  Cuker is a reorganized debtor with a confirmed,

28   full payment plan.  Cuker's Amended Disclosure Statement makes it clear that recoveries from

1    third parties are not needed for plan feasibility.  *See* Factor 1 above.  In short, nothing that occurs

2    in this litigation, whichever court decides it, will affect Cuker's main bankruptcy case.  Factor 6

3    favors abstention.

4          **Factor 7 (the substance rather than the form of an asserted core proceeding):**

5    Cuker's Second, Third, and Fourth Causes of Action address what WLG allegedly did or failed

6    to do such that WLG should have to refund money to Cuker.  Cuker carefully styled its Second

7    Cause of Action so that Cuker has a claim against WLG for a refund of payments for pre-petition

8    fees and costs only if there was an uncurable violation of the automatic stay.  And Cuker's claims

9    raise issues of the professional standard of care for lawyers, and contract interpretation, under

10    California law.  The substance of Cuker's claims is non-core, regardless of Cuker's deliberate

11    attempt to dress them up like ordinary claim objections.  Factor 7 favors abstention.

12          **Factor 8 (the feasibility of severing state law claims from core bankruptcy matters**

13    **to allow judgments to be entered in state court with enforcement left to the bankruptcy**

14    **court):**  Cuker suggests litigation of its claims against WLG, whether in state court or in the

15    bankruptcy court, is holding up its application for a final decree.  Opp. at 7-8.  Not so.  Cuker's

16    plan provides that it will obtain a final decree "[o]nce the Estate has been sufficiently

17    administered to satisfy Rule 3022 of the Federal Rules of Bankruptcy Procedure."  Docket No.

18    404 at p. 91 of 109.   Cuker could close its case and obtain a final decree despite pendency of the

19    state court action*.  See In re Federated Dept. Stores, Inc.,* 43 Fed. Appx. 820, 822 (6th Cir. 2002)

20    (final decree could be entered and pending litigation in state and federal courts thereafter could

21    be completed).   As a reorganized debtor, Cuker would not need bankruptcy court enforcement of

22    any aspect of the state court litigation.

23          **Factor 9 (the burden of the bankruptcy court's docket):**  Cuker and WLG agree that

24    this factor is neutral.

25          **Factor 10 ( the likelihood that commencement of the proceeding in bankruptcy**

26    **court involves forum shopping by one of the parties):**  Cuker misstates WLG's position:

27    WLG ***never*** stated that a debtor who files claim objection engages in forum shopping.  Opp. at 8.

28    What WLG wrote was that Cuker seeks a refund of fees and costs paid to WLG, and claims that

1   WLG's work fell below the standard of care, yet Cuker styled its Second Cause of Action as a

2   contingent claim objection that applies only if there was an unexcused stay violation by WLG.  In

3   other words, Cuker deliberately attempted to style a substantively non-core claim as a claim

4   objection in form only.  *See* WLG's Motion at 9-10.

5          **Factor 11 (the existence of a right to jury trial):**  Cuker's jury trial waiver analysis is

6   based on the assumption that WLG has filed a proof of claim on account of pre-petition fees and

7   costs for which it already has been paid and which Cuker seeks to recover in its Second Cause of

8   Action.  Opp. at 8.  Cuker is mistaken–WLG did not do so.  Substantively, Cuker's Second

9   Cause of Action is contingent upon there having been an unexcused stay violation as alleged in

10  Cuker's First Cause of Action.  And if there was such a violation, then Cuker seeks to recover

11  already-paid pre-petition fees and costs from WLG.  Cuker's claim is a claim for which WLG has

12  the right to a jury trial, despite Cuker's deliberate efforts to dress up its Second Cause of Action

13  as a mere "claim objection." *See* WLG's Motion at 10-11; *see also* Factor 7 above.

14         **Factor 12 (the presence in the proceeding of nondebtor parties):**  The Court does not

15  have jurisdiction over the nondebtor parties in the state court proceeding, and had they been

16  joined in WLG's counterclaim, Cuker would be facing the same abstention motion.

17         Cuker strangely asserts that "now WLG wants to litigate those matters again

18  against Cuker in the state court." Opp. at 9.  WLG does not seek to re- litigate any issue already

19  decided by this Court, nor is there anything in WLG's Motion suggesting that it does.  Cuker

20  fails to explain any scenario under which abstention as to Cuker's Second, Third, and Fourth

21  Causes of Action would lead to re-litigation of issues already decided by this Court.

22         **Factor 13 (comity):**  Cuker distorts WLG's motion to say that comity requires abstention

23  every time a state law issues arises.  Opp at. 13.  Abstention is appropriate where a claim is a

24  traditional matter for state civil courts or involves state law issues for which the state court has

25  expertise and the bankruptcy court does not.  *See* Factor 3 above.

26         **Factor 14 (the possibility of prejudice to other parties in the action):**  Cuker

27  complains about "dramatic prejudice" to itself.  Opp. at 9.  WLG faces much greater prejudice in

28  the form of two trials covering the same or similar issues, possibly inconsistent results, and the

lack of jury trial on what really is non-core claim disguised as core claim (specifically, Cuker's Second Cause of Action). Prejudice to Cuker can be minimized by conditioning abstention on limiting discovery between Cuker and WLG in the state court action. *See* Part II above.

**V.**

**CONCLUSION**

For the reasons stated above and in its moving papers, WLG requests that the Court abstain as to Cuker's Second, Third, and Fourth Causes of Action.

Dated: April 20, 2022

CURRY ADVISORS
A Professional Law Corporation

/s/ K. Todd Curry

By: _____
K. Todd Curry
Counsel for Defendant/Counterclaimant
Wolfe Legal Group, PC