Order Entered on
May 16, 2022
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

CUKER INTERACTIVE, LLC,

Debtor.

BANKRUPTCY NO. 18-07363-LA11

CUKER INTERACTIVE, LLC,

Plaintiff(s)

ADVERSARY NO. 21-90002-LA

v.
WOLFE LEGAL GROUP, PC,

Defendant(s)

Date of Hearing: April 21, 2022
Time of Hearing: 2:00 p.m.
Name of Judge: Louise De Carl Adler

# ORDER ON MOTION BY NON-PARTY FOR ORDER DETERMINING THAT PROPOSED DISCOVERY IS NOT AUTHORIZED; OR ALTERNATIVELY, FOR AN ORDER TERMINATING OR LIMITING DEPOSITION

The court orders as set forth on the continuation pages attached and numbered __1__ through __3__ with exhibits, if any, for a total of __3__ pages.  Motion/Application Docket Entry No. __55__ .

//

//

//

DATED: May 14, 2022

_____
Judge, United States Bankruptcy Court

ORDER ON MOTION BY NON-PARTY FOR ORDER DETERMINING THAT PROPOSED DISCOVERY IS NOT AUTHORIZED; OR ALTERNATIVELY, FOR AN ORDER TERMINATING OR LIMITING DEPOSITION

DEBTOR: Cuker Interactive, LLC         CASE NO.: 18-07363-LA11
*Cuker Interactive, LLC v. Wolfe Legal Group PC*   ADV. NO.: 21-90002-LA

---

On April 21, 2022, at 2:00 p.m., the Motion of Non-Party Adel Atalla ("Atalla") for an Order Determining that Proposed Discovery is not Authorized; or alternatively, for an Order Terminating or Limiting Deposition ("Motion") came before Department 2 of the above-entitled court, the Honorable Louise De Carl Adler presiding. K. Todd Curry of Curry Advisers, APLC ("Mr. Curry") appeared by telephone on behalf of defendant and counter-claimant Wolfe Legal Group ("WLG"); and Alan Vanderhoff of Vanderhoff Law Group ("Mr. Vanderhoff") appeared by telephone on behalf of non-party Atalla, who is an officer of plaintiff and counter-defendant Cuker Interactive, LLC ("Company"). In connection with this hearing, the Court issued a tentative ruling [ECF No. 90] and heard the responsive oral arguments of counsel. At the conclusion of the hearing, the Court reaffirmed its tentative ruling that Atalla was within his rights to refuse to answer Mr. Curry's deposition questions directed to Atalla in his _personal capacity_ absent a court order because: (i) WLG is not entitled to depose Atalla in his personal capacity pursuant to its notice of deposition of the Company; and (ii) the personal capacity questions have little relevance to the issues/defenses in this action, but they are highly relevant to the two pending state court fraud/collection actions filed by WLG against Atalla personally. Accordingly, the Court granted Atalla's request to terminate the deposition, but it took under submission the issue of whether to award Atalla his attorney's fees of $6,596.50 under Federal Rule Civil Procedure ("FRCP") 30(d)(3) to consider the new arguments and legal authorities presented by Mr. Curry at the hearing.

Specifically, at the hearing Mr. Curry argued that no attorney's fees should be awarded because he was substantially justified in demanding that Atalla answer questions straying outside the scope of the deposition notice, which were directed to Atalla personally. He argued that there is a split of authority on the issue of whether a deponent who is testifying as the person most knowledge on behalf of a company must testify about anything he has knowledge of, including questions directed to the deponent personally, even though the questions stray outside the scope of topics identified in the deposition notice and previously agreed to per FRCP 30(b)(6). *See* Hon. Virginia A. Phillips & Hon. Karen L. Stevenson, Fed. Civ. Pro. Before Trial, Calif. & 9th Cir. Editions, (The Rutter Group April 2022 Update), Ch. 11(IV)-A, ¶¶ 11.1411 & 11.1413.1; *see also Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 366-67 (N.D. Cal. 2000) (recognizing the split of authority and adopting the view that the corporate designee must testify about all relevant matters of which he or she has personal knowledge of, including matters outside the scope of FRCP 30(b)(6), but the testimony will not bind the corporation). Mr. Curry urged that he was substantially justified to rely on this well-respected treatise and the cases cited therein which support his position that Atalla must answer the personal capacity questions within his personal knowledge, subject to counsel's objection that the answers will not bind the Company.

The Court agrees that there is a split of authority on this issue. It has reviewed these authorities and concludes that Mr. Curry was substantially justified in relying on the preferred view of this well-respected treatise, and the cases cited in support therein, in demanding that Atalla must answer the personal capacity questions subject to an objection. Therefore, the Court vacates the portion of its tentative ruling that awarded Atalla his attorney's fees as sanctions, but the balance of the Court's ruling shall stand.

Importantly, the Court found that the objectionable personal capacity questions have little _relevance_ to this action, but they are highly relevant to other pending state court litigation between WLG

Case 21-90002-LA    Filed 05/14/22    Entered 05/16/22 06:00:51    Doc 103    Pg. 3 of 3

Page **3** of 3

ORDER ON MOTION BY NON-PARTY FOR ORDER DETERMINING THAT PROPOSED DISCOVERY IS NOT AUTHORIZED; OR ALTERNATIVELY, FOR AN ORDER TERMINATING OR LIMITING DEPOSITION

DEBTOR: Cuker Interactive, LLC        CASE NO.: 18-07363-LA11
*Cuker Interactive, LLC v. Wolfe Legal Group PC*   ADV. NO.: 21-90002-LA

and Atalla. This is problematic for Mr. Curry because his own cited authorities recognize that questions beyond the scope of the FRCP 30(b)(6) deposition notice/agreement must be <u>relevant</u> to the issues or defenses in the action to be properly asked and answered. *See* Fed. Civ. Proc. Before Trial, ¶¶ 11.1411 & 11.1413.1 (specifying that any questions beyond the scope of the FRCP 30(b)(6) notice/agreement must be <u>relevant</u> to the action); *see also Detoy*, 196 F.R.D. at 367 (adopting the view that "[o]nce the [designee] witness satisfies the minimum standards of [FRCP] 30(b)(6), the scope of the deposition is determined solely by <u>relevance</u> under [FRCP] 26, that is, the evidence sought must lead to the discovery of admissible evidence") (emphasis added).

Here, the relevance limitation is important because of the pending state court litigation between WLG and Atalla. The remedy that Atalla's personal answers will not bind the Company is of little comfort to Atalla because Mr. Curry did not intend to bind the Company. Rather, Mr. Curry intended these answers to bind Atalla -- to possibly impeach him -- in the state court litigation, which is an abusive use of discovery in this action. The Court does not agree with Mr. Curry's explanation of relevance. After the April 21 hearing on this Motion, the Court reviewed and ruled on cross-motions for summary judgment filed by the Debtor and WLG in this action. These cross-motions confirm that Mr. Curry's questions directed to Atalla personally have little relevance to this action. The claims or defenses in this action do not turn on this line of questioning, or Atalla's personal capacity answers to these questions. Accordingly, Atalla was within his rights to object to the questions and to terminate the deposition and ask for this Court's instructions whether he must personally answer.

For the reasons more fully discussed above the Court grants the Motion, and the deposition is terminated. The Court's tentative ruling is adopted as final, except that the award of $6,596.50 in attorney's fees to Atalla is vacated and no sanctions will be awarded to either side.

IT IS SO ORDERED

CSD 3000A