1  MICHAEL D. BRESLAUER [SBN 110259]
   mbreslauer@swsslaw.com
2  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
3  San Diego, California 92101
   (t) 619.231.0303
4  (f) 619.231.4755

5  Attorneys for Plaintiff and Counter-
   Defendant CUKER INTERACTIVE, LLC
6

7

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 18-07363-LA11 |
|---|---|
| CUKER INTERACTIVE, LLC, | Chapter 11 |
| Reorganized Debtor. | Adv No. 21-90002-LA 11 |
| | **PLAINTIFF CUKER INTERACTIVE, LLC'S LIMITED OBJECTION TO FORM OF LODGED ORDER** |
| CUKER INTERACTIVE, LLC, | |
| Plaintiff, | |
| v. | Date: May 12, 2022 |
| WOLFE LEGAL GROUP, PC, | Time: 2:30 a.m. |
| | Dept. Two (2) |
| Defendant. | Honorable Louise DeCarl Adler |
| AND RELATED CROSS-ACTION | |

Plaintiff and Counter-Defendant, Cuker Interactive, LLC ("Cuker") provides its limited objection to the Proposed Order submitted by Defendant and Counterclaimant, Wolfe Legal Group, P.C. ("WLG"). Cuker's Proposed Alternate Order is attached hereto (Exhibit 1) as a redline and varies only in one respect to WLG's proposed order: the award of costs. While the Court's tentative decision was silent on the award of costs, WLG inserted provisions regarding further proceedings with respect to either party seeking costs, and Cuker's Alternate Order states that each party shall bear its own costs.

P:01557774.1:60665.017

Bankruptcy Rule 7054 governing the award of costs in adversary proceedings partially adopts Federal Rule of Civil Procedure 54. Notably, while Federal Rule 54(d) contains a *presumption* of an award of costs, paragraph (d) was not incorporated into Bankruptcy Rule 7054. Rather, costs in adversary proceedings are addressed in Bankruptcy Rule 7054(b), which provides that the decision whether to award costs in adversary proceedings is left to the Court's *discretion*. See, 10 Collier's on Bankruptcy 16th Ed. ¶7054.05 at 7054-8 ("Rule 7054(b) makes the award of costs discretionary with the bankruptcy court and does not create the presumption that court costs shall be taxed.").

This case is one where the Court should exercise its discretion not to award costs to either side. Save for interest, the underlying awards were approximately equal (WLG's Third Amended claim was allowed for $7,145.58 and disallowed for $4,823.15). The other aspect of the case (violation of automatic stay), while ultimately going in WLG's favor, was not without substantial issue, in that the Court found as a factual matter that the bank records obtained by Cuker showed WLG's trust account transfer of funds was *initiated* post-petition. (Emphasis in Court's Tentative Decision, page 4). Regrettably, much of the 'ink' spent on both sides of this matter was about the length of time which transpired from the December 14, 2019 withdrawal to the request for adjudication, and, as the Court noted, neither side could be said to solely occupy the 'high ground.' In this case, each side should bear its own costs.

DATED: May 31, 2022     SOLOMON WARD SEIDENWURM & SMITH, LLP

By: /s/ Michael D. Breslauer
MICHAEL D. BRESLAUER
Attorneys for Plaintiff and Counter-Defendant
CUKER INTERACTIVE, LLC

# EXHIBIT 1

**CSD 3000C** [07/01/18]

Name, Address, Telephone No. & I.D. No.

Michael D. Breslauer, Esq. SBN 110259
mbreslauer@swsslaw.com
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, CA 92101
Telephone (619) 231-0303
Attorneys for Cuker Interactive, LLC

# UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

**LODGED**

| | |
|---|---|
| In Re<br>Cuker Interactive, LLC,<br>　　　　　　　　　　　　　　Debtor. | BANKRUPTCY NO. 18-07363-LA11 |
| Cuker Interactive, LLC,<br>　　　　　　　　　　　　　　Plaintiff(s)<br>v.<br>Wolfe Legal Group, PC,<br>　　　　　　　　　　　　　　Defendant(s) | ADVERSARY NO. 21-90002-LA11<br><br>Date of Hearing: May 12, 2022<br>Time of Hearing: 2:30 p.m.<br>Name of Judge: Louise DeCarl Adler |

## ALTERNATE ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

　　　　The court orders as set forth on the continuation pages attached and numbered <u>Two (2)</u> through <u>Two (2)</u> with exhibits, if any, for a total of <u>Two (2)</u> pages. Notice of Lodgment Docket Entry No. _____.

//
//
//
//

DATED: _____

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Judge, United States Bankruptcy Court

P:01557672.2:60665.017 **CSD 3000C**

American LegalNet, Inc.
www.FormsWorkFlow.com

CSD 3000C [07/01/18]**(Page 2)**
ALTERNATE ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
DEBTOR: Cuker Interactive, LLC                             CASE NO.: 18-07363-LA11
                                                            ADV. NO.: 21-90002-LA11

---

Cuker Interactive, LLC's Motion for Summary Judgment, or in the Alternative, Summary Adjudication [Docket No. 80] (the "Cuker Motion"), and the Motion by Defendant and Counterclaimant Wolfe Legal Group, PC for Partial Summary Judgment [Docket No. 65] (the "WLG Motion"), came on for hearing on May 12, 2022, at 2:30 p.m., in Department Two of the above-entitled Court, the Honorable Louise DeCarl Adler, United States Bankruptcy Judge, presiding. Plaintiff and Counter-Defendant Cuker Interactive, LLC ("Cuker") appeared by Solomon Ward Seidenwurm & Smith, LLP by Michael D. Breslauer; Defendant and Counterclaimant Wolfe Legal Group, PC ("WLG") appeared by Curry Advisors, A Professional Law Corporation by K. Todd Curry. The Court having considered the Cuker Motion and the WLG Motion, and the papers filed in support thereof and in opposition thereto; the Court having issued a Tentative Ruling on May 9, 2022 [Docket No. 101], a copy of which is attached hereto; the parties having submitted on the Tentative Ruling without additional argument; notice appearing proper; and good cause appearing therefor;

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court adopts and grants the relief specified in the attached Tentative Ruling, which shall constitute the Court's findings of fact and conclusions of law in accordance with F.R. Bankr. P. 7052 and F.R. Civ. P. 52.

2. WLG shall be entitled to partial summary judgment as to the First Claim for Relief set forth in the First Amended Complaint (based on WLG's Sixteenth Affirmative Defense for recoupment) and as to its Counterclaim for annulment of the automatic stay. The Cuker Motion is denied as to the First Claim for Relief.

3. The Court having granted partial summary judgment for WLG as to the First Claim for Relief, the Second Claim for Relief is moot and shall be and hereby is dismissed with prejudice. The Cuker Motion is denied as to the Second Claim for Relief.

4. The Cuker Motion is granted in part as to the Third Claim for Relief—*i.e.*, its claim objection as to WLG's Third Amended Proof of Claim (Claim No. 5-4). Specifically, Cuker shall be entitled to partial summary judgment as to its objection to WLG's claim for payment for the December 14, 2018 deposition of Mark Henry in the amount of $4,823.15. The Cuker Motion otherwise is denied as to the Third Claim for Relief.

5. Except with respect to the $4,823.15 for the Mark Henry deposition (which is addressed above), Cuker withdraws and dismisses its Third Claim for Relief as to any remaining issues in the Third Claim for Relief not addressed by the Cuker Motion.

Therefore, WLG's Claim No. 5-4 shall be allowed in the amount of $12,496.53, which consists of principal in the amount of $7,145.58 ($11,968.73 - $4,823.15), plus interest on such sum from December 13, 2018 through May 31, 2022 at the rate of 21.6% per annum totaling $5,350.95 ($4.23 per day x 1265 days) (the "WLG Allowed Claim"). The WLG Allowed Claim may be paid from WLG's trust account without further order of the Court.

6. With respect to the net retainer balance of $5,073.57 ($17,570.10 – $12,496.53), WLG shall return such sum to Cuker forthwith, ~~subject, however, to such costs, if any, as WLG may be allowed pursuant to a timely filed Bill of Costs~~.

7. ~~To the extent either party claims costs as a prevailing party in accordance with F.R. Bankr. P. 7054(b), a Bill of Costs must be filed within 14 days of entry of Judgment in accordance with S.D. Cal. Dist. Ct. R. 54.1(a).~~ Each party to this Adversary Proceeding shall bear its own costs.

IT IS SO ORDERED.

P:01557672.2:60665.017 CSD 3000C



**PROOF OF SERVICE**

I, WENDY A. YONES, declare as follows:

I am employed in the County of San Diego, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, CA 92101, in said County and State. On May 31, 2022, I served the following document(s):

**PLAINTIFF CUKER INTERACTIVE, LLC'S LIMITED OBJECTION TO FORM OF LODGED ORDER**

on each of the interested parties as follows:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 31, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    Michael D. Breslauer - mbreslauer@swsslaw.com, wyones@swsslaw.com

    K. Todd Curry - tcurry@currylegal.com

**SERVED BY U.S. MAIL:** On May 31, 2022, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 31, 2022      By: /s/ Wendy A. Yones
                                         WENDY A. YONES