CURRY ADVISORS
A Professional Law Corporation
  K. Todd Curry (149360)
185 West F Street, Ste. 100
San Diego, California 92101
Telephone: (619) 238-0004
Fax Number: (619) 238-0006

Counsel for Defendant/Counterclaimant
Wolfe Legal Group, PC

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CUKER INTERACTIVE, LLC,<br><br>            Debtor.<br><br>Bankruptcy Case No. 18-07363-LA11<br>_____<br><br>CUKER INTERACTIVE, LLC,<br><br>            Plaintiff,<br>v.<br><br>WOLFE LEGAL GROUP, PC,<br><br>            Defendant.<br>_____ | ADVERSARY NO. 21-90002-LA<br><br>WOLFE LEGAL GROUP, PC'S RESPONSE TO PLAINTIFF CUKER INTERACTIVE, LLC'S LIMITED OBJECTION TO FORM OF LODGED ORDER<br><br>(No Hearing Scheduled)<br><br>Dept: Two<br>Honorable Louise DeCarl Adler |

/ / /

/ / /

/ / /

1   Defendant and Counterclaimant, Wolfe Legal Group, PC ("WLG"), responds to
2   Plaintiff Cuker Interactive, LLC's Limited Objection to Form of Lodged Order [Docket No.
3   108].
4       1.   Fortunately, the parties were able to work out most of the language for the
5   proposed order on the cross-motions for summary judgment.  The only remaining disagreement
6   is with respect to costs, as revealed by Cuker's redlined proposed order.
7       2.   Pursuant to Local Bankruptcy Rule 1001-5 and Appendix B to the Local
8   Bankruptcy Rules, District Court Local Rule 54.1 applies in the Southern District Bankruptcy
9   Court without change.
10      3.   Local District Court Rule 54.1 provides that:  "Unless otherwise ordered
11  by the Court, or stipulated by the parties, the prevailing party is entitled to costs."   Therefore,
12  contrary to Cuker's objection, ***at least in this district***, costs ***must*** be awarded to the prevailing
13  party in the Bankruptcy Court.
14      4.   WLG incurred deposition transcript costs of $5,925.03 in this Adversary
15  Proceeding relating to the depositions of Deborah Wolfe, Loretta Rhea, Cuker (via Adel Atalla),
16  and Mr. Breslauer.
17      5.   WLG is the prevailing party. Cuker's First Cause of Action alone sought to
18  require WLG to return almost $61,000 of its own money to the client trust account.  *See* Docket
19  No. 12, ¶ 17 ("Cuker seeks judgment and an order from the Bankruptcy Court directing that
20  WLG return $60,671.08 to WLG's Trust Account").  WLG unequivocally prevailed as a matter
21  of law on that First Cause of Action based on legal theories of recoupment and annulment of the
22  automatic stay, and WLG's sole counterclaim was for annulment of the automatic stay, on which
23  WLG prevailed as a matter of law.  These results alone vastly outweigh the slight relief that
24  Cuker obtained on its Third Cause of Action, which was recovery of a mere $4,823.15 on
25  account of the cost of the transcript for the Mark Henry deposition that took place in Arkansas on
26  December 14, 2018 (the day after the petition date).  Needless to say, this expensive adversary
27  proceeding could have been avoided and resolve in its entirety without ever being filed had
28

-1-

1 Cuker been willing simply to disallow WLG's claim in the amount of $4,823.15.[1] *See Hillside*
2 *Enterprises v. Carlisle Corp.*, 69 F3d 1410, 1412-13, 1416 (where plaintiff recovered $465,000
3 and defendant recovered $165,000, it was appropriate to award costs only to plaintiff "[b]ecause
4 [plaintiff] won a larger judgment, it can logically be considered the prevailing party . . . ."); *Ira*
5 *Green, Inc. v. Military Sales & Service Co.*, 775 F.3d 12, 28 (1st Cir. 2014) (costs may be
6 awarded "to a party who, though losing on some claims, substantially prevails in the case as a
7 whole").

8     6.     WLG unequivocally is the prevailing party and is entitled to file a Bill of Costs
9 pursuant to Local District Court Rule 54.1. Further, WLG should not be required to return to
10 Cuker the sum of $4,823.15 in retainer funds until after WLG's Bill of Costs is filed and
11 determined, because WLG has setoff rights (not recoupment rights this time) of at least
12 $5,923.03 against the $4,823.15 in funds that it otherwise would be required to pay over to
13 Cuker. Accordingly, WLG's proposed Order so provides.

15 Dated: June 1, 2022                    CURRY ADVISORS
                                             A Professional Law Corporation

                                             /s/ K. Todd Curry
17                            By: _____
                                             K. Todd Curry
18                                              Counsel for Defendant/Counterclaimant
                                             Wolfe Legal Group, PC

---

[1] Cuker claims some advantage in the Court's reference to the bank records apparently showing a transfer was initiated on December 14, 2018. Yes, but by who? The bank? Ms. Rhea? This disputed factual issue never was resolved, nor did it need to be resolved. The Court appropriately noted: "The Court makes no finding as to whether the recollections of Ms. Wolfe and Ms. Rhea are entirely accurate" on this point. Docket No. 101 at p. 4.