MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Plaintiff and Counter-Defendant CUKER INTERACTIVE, LLC

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CUKER INTERACTIVE, LLC,<br><br>Reorganized Debtor. | Case No. 18-07363-LT11<br><br>Chapter 11<br><br>Adv No. 21-90002-LT11<br><br>**PLAINTIFF'S OBJECTION TO BILL OF COSTS**<br><br>Date: July 27, 2022<br>Time: 3:30 a.m. |
| CUKER INTERACTIVE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WOLFE LEGAL GROUP, PC,<br><br>Defendant. | |
| AND RELATED CROSS-ACTION | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff and Counter-Defendant Cuker Interactive, LLC ("Cuker") provides its opposition to the award of costs sought by the Wolfe Legal Group, P.C., ("WLG") the above-captioned adversary proceeding because WLG cannot be considered the 'prevailing party' of the entire issues between that parties, WLG's bill of costs contains un-awardable items for late payments and interest incurred by WLG and because the separate deposition of Cuker's counsel was not reasonably

P:01570244.2:60665.017

necessary to the litigation between the parties.

## A. WLG SHOULD NOT BE CONSIDERED THE PREVAILING PARTY AND THE COURT'S DISCRETION SHOULD BE EXERCISED TO DENY COSTS TO WLG

As of this date, there is no 'prevailing party' in this adversary proceeding. In the Court's tentative decision, adopted as the ruling of the Court, neither side was declared the 'prevailing party' for the award of costs. Rather, the Court's Judgment (Dkt. No. 120; filed July 6, 2022) left both Cuker and WLG to file a bill of costs, seeking recovery for costs from the other, if they chose, within 14 days of the entry of judgment. Each has now done so, with WLG filing its bill of costs on July 7, 2022 and Cuker having filed its bill of costs on July 20, 2022. Each side seeks recovery of deposition costs ($4,138.57 by Cuker and $5,925.03 by WLG) In addition, WLG seeks a total of $654.06 for late fees and interest assessed by the providers of such deposition services because WLG did not timely remit payment of the deposition costs.

Bankruptcy Rule 7054 governs the award of costs in adversary proceedings, but Rule 7054 only <u>partially</u> adopts Federal Rule of Civil Procedure 54. But Federal Rule 54(d) was not incorporated into Bankruptcy Rule 7054. Notably, while Federal Rule 54(d) contains a *presumption* of an award of costs, the Bankruptcy Rule replaces the presumption with the Court's *discretion*. Costs in adversary proceedings are addressed in Bankruptcy Rule 7054(b), which provides that the decision whether to award costs in adversary proceedings is left to the *Court's discretion*. See, 10 Collier's on Bankruptcy 16th Ed. ¶7054.05 at 7054-8 ("Rule 7054(b) makes the award of costs discretionary with the bankruptcy court and does not create the presumption that court costs shall be taxed.") and *In re Aviva Gelato, Inc*. 94 B. R. 622, 624 (Bankr 9th Cir. 1988) (court possesses broad discretion under Bankruptcy Rule 7054, distinguishing Federal Rule of Civil Procedure Rule 54).

The adversary proceeding underlying this matter asserts two claims for relief. First, the adversary proceeding is the extension of the claim objection proceedings litigated before Judge Adler in late 2020. Second, Cuker sought a remedy for WLG's having violated the terms of the automatic stay by withdrawing sums for its attorney trust account post-petition without obtaining relief from stay. Thus, the facts of this case require a wide-angle lens in the Court's exercise of its discretion to view this matter in its proper perspective.

Cuker filed its Chapter 11 case on December 13, 2018 (the "Petition Date"). WLG, Cuker's former pre-bankruptcy lawyer, first filed its claim (Claim No. 5) on February 18, 2019 in the amount of $55,206.08. Claim No. 5 was amended three times: first, on June 2, 2020 (No 5-2; $75,366.96), second, on September 3, 2020 (Claim No. 5-3; $78,634.58) and third, on February 15, 2021 (Claim No. 5-4; $17,570.10).

Cuker's filed an objection to Claim 5-2 on September 1, 2020 (Main case Dkt. No. 376) and WLG responded two days later with its amendment (Claim No. 5-3) increasing WLG's claim to $78,634.58. Cuker refiled its claim objection to the $78,634.58 Claim No. 5-3 on September 16, 2020 (Main case Dkt. No. 394).

Cuker's claim objection was almost wholly sustained, and WLG's Claim 5-3 was <u>disallowed</u> by $61,064.48 from $78,634.58 to $17,570.10, the amount sought in WLG's Claim 5-4. The bulk of WLG's claim was for services claimed to have been rendered to the Debtor post-petition, which were wholly disallowed (Main case Dkt. No. 508) and Judge Adler allowed WLG to file an amended claim seeking only services and costs rendered or incurred pre-petition. In response WLG filed Claim No 5-4 for $17,570.10.[1]

---

[1] WLG also filed a motion in December 2020 (Main case Dkt. No. 471) attempting to obtain *nunc pro tunc* status as special litigation counsel for the debtor in possession for its post-petition work, over Cuker's objection, and some 22 months following the provision of services. That motion was denied. (Main case Dkt. No. 509).

Cuker objected to Claim 5-4 through the above captioned adversary proceeding. Cuker combined the claim objection with Cuker's claim for remedies associated with WLG's acts to draw its retainer account after the petition date in violation of the automatic stay. On cross motions for Summary Judgment, Judge Adler found (Adv. Proc. Dkt, No. 101) among other matters that (i) WLG's transfer of some $61,000 from the WLG trust account did, in fact, occur post-petition in violation of the automatic stay[2]; (ii) alternatively, the stay should be annulled or that the doctrine of recoupment applied to shield the transfer from Cuker's cause of action; (iii) WLG's motion for summary adjudication on its affirmative defense for Abstention was denied; and, (iv) WLG's claim for deposition expenses billed or incurred post-petition in the sum $4,823.15 was disallowed.

Thus, as far as the claim objection proceedings can be summarized, in total, Cuker's objection to WLG's Claim No. 5-3/5-4 filed in the sum $78,634.58 was **sustained** as to $66,138.05, resulting in the allowance of WLG's claim in the sum $12,496.53. On this record, despite the Court's decisions to insulate WLG's post-petition withdrawal from trust, WLG cannot in any sense be considered the prevailing party.

Review of the totality of circumstances is important here. Bankruptcy courts may look beyond the 'four corners' of the particular adversary proceeding before them in the exercise of their discretion whether to award costs. See *In re Aviva Gelato, Inc.*, supra, at 624-25 (Bankruptcy court did not abuse its discretion by looking at the entire bankruptcy docket in exercising its discretion regarding the award of costs), *In re Borges*, 2014 Bankr LEXIS 1464 at *8 (Bankr. 10th Cir. 2014) (Bankruptcy court reviewed multiple adversary proceedings and claim objection proceedings in exercise of its discretion to award costs.). such is and should be the

---

[2] Judge Adler found that the evidence showed that the transfer from trust was *initiated* post-petition. Tentative Decision, Adv. Proc Dkt No. 101, page 4. Emphasis in original.

case here, where the adversary proceeding is the culmination of claim objection proceedings before the bankruptcy court, with the additional claim of violation of the automatic stay.

And as to the causes of action related to violation of the automatic stay, the Court determined not only that the transfer occurred post-petition, but that it was initiated post-petition as well. While Cuker did not agree with the court's decision, Cuker accepted the result.

The Court in exercise of its broad discretion may consider the underlying claim objection in its decision whether to award costs. Viewed in total, this is hardly a matter where there can be said to be a clear prevailing party and WLG's costs should be disallowed.

**B.   INTEREST OR LATE PAYMENT FEES ASSESSED AGAINST WLG CANNOT BE CHARGED TO CUKER**

It is axiomatic that only items listed as costs charged either by statute, 28 U.S.C. Section 1920, or Federal District Court Local Rule 54.1 may be awarded. With its proposed bill of costs, WLG improperly seeks recovery for a wholly new category of costs: Interest and fees charged by the nonpayment of obligations WLG owes to its third-party vendors. It appears that WLG did not timely pay for depositions and copies ordered from third-party vendors and was charged late payment fees. WLG's bill of costs, supported by Mr. Curry's declaration (Dkt. No. 122), attaches copies of the deposition expense invoices purportedly[3] "paid by WLG and my office" totaling $5,925.03, the amount sought to be recovered. The invoices state that they were not timely paid, since each one (save for the last) includes a line item for "Finance Charges/Late Fees". These finance charges and late fees total $654.06.

---

[3] The invoices reflect payments due, not amounts already paid.

Thus, WLG seeks recovery from Cuker for WLG's own inability to timely pay for costs it incurred to a third-party vendor, in this case U.S. Legal Support. No entitlement for recovery of such costs exists and such late payment fees may not be allowed and chargeable to Cuker. The $654.06 must be removed from any award of costs made to WLG.

### C. TAKING OPPOSING COUNSEL'S DECLARATION WAS NOT REASONABLY NECESSARY IN THE SUIT AND COSTS SHOULD BE DISALLOWED.

WLG's Bill of Costs included $910.55 for taking the deposition of Michael Breslauer, Cuker's chapter 11 counsel and its counsel in this adversary proceeding. Supposedly, the deposition was taken to gather evidence about WLG's withdrawal of funds from trust. This was in connection with Cuker's causes of action relating to WLG's alleged post-petition withdrawal from WLG's trust account. But WLG's answer *admitted*[4] the withdrawal had occurred post-petition, and it has never been suggested or alleged that counsel had any role in WLG's act of withdrawing funds. Opposing counsel's deposition was unnecessary to the case, perhaps taken just because WLG threatened earlier on to claim a conflict existed in the case because of the supposed necessity of Mr. Breslauer's testimony, or for some other unknown reason. In any case, the deposition was wholly unrelated to the issues raised, and Cuker should be taxed with the cost of the adventure of taking opposing counsel's deposition.

### D. CONCLUSION

In adversary proceedings before the bankruptcy court, the presumption of an award of costs has been abrogated by the Federal Rules of Bankruptcy Procedure,

---

[4] Adv. Proc. Dkt. No. 32; ¶9 ("… Defendant further admits that despite its reasonable and good faith efforts to transfer funds from the client trust account before Plaintiff filed its bankruptcy petition, the actual transfer of some funds out of the client trust account occurred shortly after the petition was filed, specifically, on December 14, 2018….").

leaving the matter in all cases to the discretion of the court. This Court's adoption of District Court Local Rule 54.1 by its own Local Rules as a template to guide the court does not alter Bankruptcy Rule 7054's applicability to this case.

A unique set of circumstances is presented here, where each side both won and lost material matters before the Court. On balance, over the entirety of the claim objection process, Cuker prevailed to an overwhelming degree: A $78,634 claim was ultimately allowed for only 16.2% of that amount, $12,747. On the issue of the violation of the stay, Cuker prevailed in establishing not just an inadvertent violation of the stay, but WLG's deliberate acts to initiate a withdrawal from its trust account post-petition. The Court exercised its discretion to deny Cuker a remedy for the violation, but in doing so, denied WLG's affirmative defense seeking abstention. This case requires exercise of the Court's (or the clerk's) discretion to decline to award costs to WLG as the 'prevailing party.'

If costs are awarded to WLG, they must exclude a total of $1,564.61, the total of WLG's interest and late payment penalties ($654.06) and the costs of opposing counsel's deposition ($910.55).

Respectfully submitted,

DATED: July 20, 2022    SOLOMON WARD SEIDENWURM & SMITH, LLP

By: /s/ Michael D. Breslauer
MICHAEL D. BRESLAUER
Attorneys for Plaintiff and Counter-Defendant
CUKER INTERACTIVE, LLC

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, WENDY A. YONES, declare as follows: |
| 3-5 | I am employed in the County of San Diego, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, CA 92101, in said County and State. On July 20, 2022, I served the following document(s): |
| 6 | **PLAINTIFF'S OBJECTION TO BILL OF COSTS** |
| 7 | on each of the interested parties as follows: |

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 20, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    Michael D. Breslauer - mbreslauer@swsslaw.com, wyones@swsslaw.com

    K. Todd Curry - tcurry@currylegal.com

**SERVED BY U.S. MAIL:** On July 20, 2022, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows:

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  July 20, 2022        By: /s/ Wendy A. Yones
                                                WENDY A. YONES