1  CURRY ADVISORS
   A Professional Law Corporation
2    K. Todd Curry (149360)
   185 West F Street, Ste. 100
3  San Diego, California 92101
   Telephone: (619) 238-0004
4  Fax Number: (619) 238-0006

5  Counsel for Defendant/Counterclaimant
   Wolfe Legal Group, PC
6

7              UNITED STATES BANKRUPTCY COURT

8               SOUTHERN DISTRICT OF CALIFORNIA

9

10  In re                                    )   ADVERSARY NO. 21-90002-LA
                                             )
11  CUKER INTERACTIVE, LLC,                  )
                                             )   WOLFE LEGAL GROUP, PC'S: (1)
12                                           )   RESPONSE TO PLAINTIFF CUKER
            Debtor.                          )   INTERACTIVE, LLC'S OBJECTION TO
13                                           )   WOLFE LEGAL GROUP, PC'S BILL OF
                                             )   COSTS; AND (2) OBJECTION TO CUKER
14  Bankruptcy Case No. 18-07363-LA11        )   INTERACTIVE LIMITED, LLC'S BILL OF
                                             )   COSTS
15  _____  )
                                             )
16  CUKER INTERACTIVE, LLC,                  )
                                             )   Hearing With Court Clerk:
17            Plaintiff,                     )
    v.                                       )   Date: July 27, 2022
18                                           )   Time: 3:30 p.m. (telephonic)
    WOLFE LEGAL GROUP, PC,                   )
19                                           )
              Defendant.                     )
20                                           )
                                             )
21  _____  )

22

23

24

25

26  ///

27  ///

28  ///

1  Defendant and Counterclaimant, Wolfe Legal Group, PC ("WLG"), responds to
2  (1) Cuker Interactive, LLC's Objection to Bill of Costs [Docket No. 123] filed on July 20, 2022,
3  and (2) Cuker Interactive, LLC's Bill of Costs [Docket No. 124] filed on July 20, 2022.

4      1.    Pursuant to Local Bankruptcy Rule 1001-5 and Appendix B to the Local
5  Bankruptcy Rules, District Court Local Rule 54.1 applies in the Southern District Bankruptcy
6  Court without change.  Local District Court Rule 54.1 provides that:  "Unless otherwise ordered
7  by the Court, or stipulated by the parties, the prevailing party *is entitled to costs*."   (Emphasis
8  added.)  Therefore, contrary to Cuker's objection, *at least in this district*, costs **must** be awarded
9  to the prevailing party in the Bankruptcy Court.  Cuker's argument, that courts have discretion on
10  this issue, fails to acknowledge that *in this district*, both the District Court and the Bankruptcy
11  Court have used their discretion to adopt Local Rules that *require* a cost award to the prevailing
12  party "unless otherwise ordered by the Court or stipulated by the parties."

13      2.    WLG is the prevailing party.  (The Bankruptcy Court has not ruled on Cuker's
14  arguments that WLG is not the prevailing party; instead, the Bankruptcy Court has allowed the
15  Bill of Cost process to proceed without determining the issue in advance.)  Cuker's First Claim
16  For Relief alone sought to require WLG to return almost $61,000 of its own money to the client
17  trust account.  *See* Docket No. 12 , ¶ 17 (First Amended Complaint–"Cuker seeks judgment and
18  an order from the Bankruptcy Court directing that WLG return $60,671.08 to WLG's Trust
19  Account").  WLG unequivocally prevailed as a matter of law on Cuker's First Claim For Relief
20  based on legal theories of recoupment and annulment of the automatic stay, and WLG's sole
21  counterclaim was for annulment of the automatic stay, on which WLG prevailed as a matter of
22  law.  *See* Docket No. 120 , ¶ 1 (the Judgment).  These results alone vastly outweigh the slight
23  relief that Cuker obtained on its Third Claim For Relief, which was recovery of a mere $5,073.57
24  on account of the cost of the transcript for the Mark Henry deposition that took place in Arkansas
25  on December 14, 2018 (the day after the petition date).  Needless to say, this expensive adversary
26  proceeding could have been avoided and resolved in its entirety without ever being filed had
27  Cuker been willing simply to disallow WLG's claim in the amount of $5,073.57.  *See  Hillside*
28  *Enterprises v. Carlisle Corp.*, 69 F.3d 1410, 1412-13, 1416 (where plaintiff recovered $465,000

1  and defendant recovered $165,000, it was appropriate to award costs only to plaintiff "[b]ecause
2  [plaintiff] won a larger judgment, it can logically be considered the prevailing party . . . ."); *Ira*
3  *Green, Inc. v. Military Sales & Service Co.*, 775 F.3d 12, 28 (1st Cir. 2014) (costs may be
4  awarded "to a party who, though losing on some claims, substantially prevails in the case as a
5  whole").[1]

6      Cuker desperately seeks to block WLG's prevailing party status by presenting a
7  convoluted argument that a separate claim objection proceeding in the main bankruptcy case
8  somehow should be considered part and parcel of this separate, very expensive adversary
9  proceeding that Cuker chose to file. Notably, Cuker cites no authority whatsoever that the results
10 of a ***completely separate proceeding*** somehow should be examined to determine who is the
11 prevailing party in another proceeding. Cuker cites *In re Aviva Gelato, Inc.*, 94 B.R. 622 (BAP
12 9th Cir. 1988); however, that case stands only for the proposition that a party can be denied costs
13 based on that party's "multiplication of the proceedings and meritless motions." *Id.* at 624.
14 WLG did not multiply these proceedings or file meritless motions. In fact, Cuker is the one who
15 filed an unnecessary adversary proceeding instead of more streamlined claim proceeding, and the
16 Bankruptcy Court so stated:

17      Further, the cost of this adversary proceeding was unnecessary. The matter could
    have been resolved by professional courtesy between the attorneys and/or the
18    more streamlined noticed motion or claim objection procedures.

19 Docket No. 112, at p. 10 of 12. Similarly, Cuker cites *In re Borges*, 2014 Westlaw 1364956
20 (BAP 10th Cir. April 8, 2014). However, *Borges* was not decided under our Local Rule that
21 **_mandates_** an award of costs to the prevailing party. In addition, although multiple adversary
22 proceedings were considered, they had all been consolidated, so in essence they were a single

---

24    [1] Even if the overwhelmingly favorable result for WLG on Cuker's First Claim For
25 Relief were ignored, WLG obtained greater relief than Cuker on the Third Claim For Relief and
the Fourth Claim For Relief given that WLG's claim was allowed in the sum of $12,496.53, and
26 Cuker disallowed only the sum of $5,073.57 on a claim for more than $17,000. *See* Docket No.
120, ¶ 2. Also, WLG obtained a dismissal as to Cuker's Second Claim For Relief, which
27 became moot when WLG prevailed on the First Claim For Relief. *See* Docket No. 120, ¶ 3;
Docket No. 112, ¶ 3.
28

-2-

1  proceeding. *Id.* at * 2, *3.  In sharp contrast, Cuker filed an adversary proceeding that was
2  completely separate and distinct from the earlier claim objection proceeding in the main
3  bankruptcy case.  The results in the prior claim proceeding simply are irrelevant in this separate
4  adversary proceeding.  Cuker should have filed a Bill of Costs in connection with the separate
5  claim objection proceeding in the main bankruptcy case if it believed it was entitled to do so.
6  WLG is the prevailing party ***in the instant adversary proceeding***, which Cuker chose to file for
7  tactical reasons, not the least of which was to multiply the cost for WLG.

8       3.    With regard to late charges, those charges resulted from the court reporter service
9  mistakenly sending bills electronically, and not via U.S. Mail.  If WLG can recover those
10 already-paid late charges, it will refund those to Cuker.  But for now, those charges should be
11 awarded.

12      4.    Cuker claims that Mr. Breslauer's deposition cost is not recoverable.  Cuker is
13 mistaken.  This deposition went to, among other things, the issue of Mr. Breslauer's role in
14 allowing WLG to conduct the video deposition of Mr. Henry on December 14, 2018 (one day
15 after Cuker's bankruptcy petition date) in the Arkansas litigation, without informing WLG that
16 Cuker would object to paying for that deposition.  Cuker did successfully evade having to pay for
17 that deposition, which cost approximately $5,000, as that minor issue is the only issue on which
18 Cuker prevailed in this adversary proceeding.  *See* paragraph 2 above.  However, WLG is still
19 entitled to recover the cost for Mr. Breslauer's deposition.  The necessity of a deposition is
20 determined at the time the expense was incurred, without regard to later developments, and all
21 that is required is that the deposition was reasonably necessary to the case–not indispensable–at
22 that time.  *See Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998).  Cuker
23 has not shown that the cost of the transcript for Mr. Breslauer's deposition was not reasonably
24 necessary.  *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003) (losing
25 party must show why costs should not be awarded).
26 / / /
27 / / /
28 / / /

-3-

1     4.    Finally, with regard to Cuker's Bill of Costs filed on July 20, 2022 [Docket No. 124, Cuker is not entitled to any award of costs because it is not the prevailing party. *See* the discussion above.

Dated: July 21, 2022

CURRY ADVISORS
A Professional Law Corporation

By:   /s/ K. Todd Curry
_____
K. Todd Curry
Counsel for Defendant/Counterclaimant
Wolfe Legal Group, PC

-4-

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the County of San Diego. I am over the age of eighteen (18) years and not a party to the above-entitled action. My business address is 185 West F Street, Suite 100, San Diego, CA 92101. I am familiar with Curry Advisors' practice whereby the mail is sealed, given the appropriate postage, and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business. **On July 21, 2021**, I served the following:

WOLFE LEGAL GROUP, PC'S: (1) RESPONSE TO PLAINTIFF CUKER INTERACTIVE, LLC'S OBJECTION TO WOLFE LEGAL GROUP, PC'S BILL OF COSTS; AND (2) OBJECTION TO CUKER INTERACTIVE LIMITED, LLC'S BILL OF COSTS

[XX]   (VIA ECF NOTICING) by transmitting the document(s) listed above to the Court via ECF and relying upon the Court's electronic servicing of the following parties in interest:

Michael D. Breslauer on behalf of Plaintiffs Cuker Interactive, LLC:
mbreslauer@swsslaw.com, wyones@swsslaw.com

Alan Vanderhoff on behalf of Interested Party Adel Atalla
alan.vanderhoff@vanderhofflaw.com, alanvanderhoff@cox.net

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 21, 2022.

/s/ K. Todd Curry
_____
K. Todd Curry