MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Plaintiff and Counter-Defendant CUKER INTERACTIVE, LLC

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CUKER INTERACTIVE, LLC,<br><br>Reorganized Debtor. | Case No. 18-07363-LT11<br><br>Chapter 11<br><br>Adv No. 21-90002-LT11<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO RE-TAX COSTS**<br><br>Date: September 20, 2022<br>Time: 10:00 a.m.<br>Dept: Three (3)<br><br>The Honorable Laura S. Taylor, Bankruptcy Judge |
| CUKER INTERACTIVE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WOLFE LEGAL GROUP, PC,<br><br>Defendant. | |
| AND RELATED CROSS-ACTION | |

P:01574214.4:60665.017

**TABLE OF CONTENTS**

I. INTRODUCTION AND UNDERLYING FACTS ................................................................... 1

II. THE COURT'S DISCRETION SHOULD BE EXERCISED TO DENY COSTS TO WLG AND AWARD COSTS TO CUKER ................................... 3

III. TAKING OPPOSING COUNSEL'S DEPOSITION WAS NOT REASONABLY NECESSARY IN THE SUIT AND COSTS SHOULD BE DISALLOWED ........................................................................ 7

IV. CONCLUSION ................................................................................................................. 8

Plaintiff and Counter-Defendant Cuker Interactive, LLC ("Cuker") provides its memorandum in support of its Motion to re-tax costs awarded to the Wolfe Legal Group, P.C., ("WLG") in the above-captioned adversary proceeding and, asserts as follows:

## I.

## **INTRODUCTION AND UNDERLYING FACTS**

Cuker brings this motion to re-tax costs pursuant to Bankruptcy Rule of Procedure 7054(b)(1) and Southern District Court Local Rule 54.1(h), adopted by this Court pursuant to Bankruptcy Local Rule 1001-5 and Appendix B to this Court's Local Rules.

Cuker is the reorganized debtor in the above captioned Chapter 11 case. There has been considerable litigation between Cuker and WLG regarding the latter's efforts to collect attorneys' fees and costs from the estate. Cuker objected to WLG's claim and Judge Adler sustained most, but not all, of Cuker's objection, granting WLG leave to file a third amended claim seeking <u>only</u> fees and costs which had been incurred post-petition. WLG filed its third-amended claim but did not heed Judge Adler's order, including in its claim some $5000 in costs for a deposition taken post-petition in Arkansas in a case which was stayed against Cuker.

Cuker objected again, but in this instance did so through the above captioned adversary proceeding, filed on January 4, 2021, seeking to disallow the WLG third-amended claim but also to raise the issue of WLG's violation of the automatic stay by withdrawing funds from its trust account after the Chapter 11 case was filed, without court approval. In this latter claim, Cuker's allegations were found to be correct: the funds were withdrawn post-petition without relief from stay in a transaction which Judge Adler determined was *initiated* post-petition.

WLG answered and filed a counterclaim seeking either annulment of the stay or application of the doctrine of recoupment. Following discovery and cross motions for summary judgment, Judge Adler issued her tentative decision (Adv. Dkt. No.

101) which was adopted by the parties, who agreed that all remaining issues raised in the adversary proceeding not otherwise addressed by the cross motions would be withdrawn so that the Court's disposition of the cross motions would resolve the entire adversary proceeding. The Court was presented with two alternative forms of Order; Cuker's, with a provision finding each side was to bear its own costs, and WLG's, with a provision that either side was authorized to submit a bill of costs as the prevailing party. Judge Adler entered WLG's form of Order on June 8, 2022. (Adv. Dkt. No. 112.) A Judgment was entered on July 6, 2022. (Adv. Dkt. No. 120.)

Both sides submitted a request to obtain costs. WLG submitted its bill of costs and Mr. Curry's declaration in support on July 7, 2022, noticing a telephonic hearing before the Clerk of the Bankruptcy Court for July 27, 2022 (Adv. Dkt. Nos 121 and 122); Cuker filed its own bill of costs on July 20, 2022, Mr. Breslauer's declaration in support and an objection to WLG's costs. (Adv. Dkt. Nos. 124 and 123.) On July 21, 2022 WLG filed its response to Cuker's objection and its objection to Cuker's bill of costs. (Adv. Dkt. No. 125.)

An unrecorded telephonic hearing before the Clerk of the Bankruptcy Court was held on July 27, 2022 and on July 28, 2027 the Clerk filed his disposition of the matters before him. This motion follows.

Cuker seeks this Court's determination of the costs properly awardable in this case because Cuker, and not WLG, should be considered the 'prevailing party' of the entire matter between the parties, and because the separate deposition of Cuker's counsel was not reasonably necessary to the litigation between the parties.

/ / /

/ / /

/ / /

/ / /

## II.

## THE COURT'S DISCRETION SHOULD BE EXERCISED TO DENY COSTS TO WLG AND AWARD COSTS TO CUKER

As of this date, there is no 'prevailing party' or cost award determination in this adversary proceeding. In the Court's tentative decision, adopted as the ruling of the Court, neither side was declared the 'prevailing party' for the award of costs. Rather, the Court's Judgment (Dkt. No. 120; filed July 6, 2022) left both Cuker and WLG to file a bill of costs, seeking recovery for costs from the other, if they chose, within 14 days of the entry of judgment. Each side sought recovery of deposition costs ($4,138.57 by Cuker in Dkt. No. 124 and $5,925.03 by WLG in Dkt. Nos. 121 and 12). In addition, WLG sought a total of $654.06 for late fees and interest assessed by the providers of such deposition services because WLG did not timely remit payment of the deposition costs. This amount was not approved by the clerk.

Bankruptcy Rule 7054 governs the award of costs in adversary proceedings, but Rule 7054 only <u>partially</u> adopts Federal Rule of Civil Procedure 54. Notably, while Federal Rule 54(d) contains a *presumption* of an award of costs, the Bankruptcy Rule replaces the presumption with the Court's *discretion*. Costs in adversary proceedings are addressed in Bankruptcy Rule 7054(b), which provides that the decision whether to award costs in adversary proceedings is left to the *Court's discretion*. See, 10 Collier's on Bankruptcy 16th Ed. ¶7054.05 at 7054-8 ("Rule 7054(b) makes the award of costs discretionary with the bankruptcy court and does not create the presumption that court costs shall be taxed.") and *In re Aviva Gelato, Inc*. 94 B. R. 622, 624 (Bankr 9th Cir. 1988) (court possesses broad discretion under Bankruptcy Rule 7054, distinguishing Federal Rule of Civil Procedure Rule 54). As detailed below, it is apparent that discretion was not exercised in the clerk's determination to award costs. In fact, the Clerk believed, despite argument to the contrary, that he had *no discretion* and that District Court Local Rule 54.1 *required* imposition of costs to the nominal prevailing party.

But far from lacking discretion, the Court possesses *broad* discretion in connection with an award of costs. Cuker believes that exercise of that discretion under the particular facts of this case requires a wide-angle lens to view this matter in its proper perspective.

The following facts are not in dispute[1]. Cuker filed its Chapter 11 case on December 13, 2018 (the "Petition Date"). WLG, Cuker's former pre-bankruptcy lawyer, first filed its claim (Claim No. 5) on February 18, 2019 in the amount of $55,206.08. Claim No. 5 was amended three times: first, on June 2, 2020 (No 5-2; $75,366.96), second, on September 3, 2020 (Claim No. 5-3; $78,634.58) and third, on February 15, 2021 (Claim No. 5-4; $17,570.10).

Cuker's filed an objection to Claim 5-2 on September 1, 2020 (Main case Dkt. No. 376) and WLG responded two days later with its amendment (Claim No. 5-3) increasing WLG's claim to $78,634.58. Cuker refiled its claim objection to the $78,634.58 Claim No. 5-3 on September 16, 2020 (Main case Dkt. No. 394).

Cuker's claim objection was almost wholly sustained, and WLG's Claim 5-3 was <u>disallowed</u> by $61,064.48 from $78,634.58 to $17,570.10, the amount sought in WLG's Claim 5-4. The bulk of WLG's claim was for services claimed to have been rendered to the Debtor post-petition, which were wholly disallowed (Main case Dkt. No. 508) and Judge Adler allowed WLG to file an amended claim seeking only services and costs rendered or incurred pre-petition. In response WLG filed Claim No 5-4 for $17,570.10.[2]

---

[1] These facts are based on the record made in Cuker's main case. To the extent necessary, Cuker requests the Court take judicial notice of the matters in its own files in consideration of the issues raised by this Motion. *In re Poppel*. 532 Bankr. 581, 585 (Bankr. M.D. Pa. 2015) (Federal Rule of Evidence 201 allows the court to take judicial notice of dockets in underlying bankruptcy case in an adversary proceeding before the court). Russell, <u>Bankruptcy Evidence Manual</u>, 2018-19 Ed. at §201:5.

Cuker objected to Claim 5-4 through the above captioned adversary proceeding. Cuker combined the claim objection with Cuker's claim for remedies associated with WLG's act to draw down its retainer after the petition date in violation of the automatic stay. On cross motions for Summary Judgment, Judge Adler found (Adv. Proc. Dkt, No. 101), among other matters, that (i) WLG's transfer of some $61,000 from the WLG trust account did, in fact, occur post-petition in violation of the automatic stay and was <u>initiated</u> post-petition[3]; (ii) alternatively, the stay should be annulled or that the doctrine of recoupment applied to shield the transfer from Cuker's cause of action; (iii) WLG's motion for summary adjudication on its affirmative defense for Abstention was denied; and, (iv) WLG's claim for deposition expenses billed or incurred post-petition in the sum $4,823.15 was disallowed.

Thus, as far as the claim objection proceedings can be summarized, in total, Cuker's objection to WLG's Claim No. 5-3/5-4 filed in the sum $78,634.58 was **sustained** as to $66,138.05, resulting in the allowance of WLG's claim in the sum $12,496.53. On this record, despite the Court's decisions to insulate WLG's post-petition withdrawal from trust, WLG cannot in any sense be considered the prevailing party.

Review of the totality of circumstances is important here. Bankruptcy courts may look beyond the 'four corners' of the particular adversary proceeding before them in the exercise of their discretion whether to award costs. See *In re Aviva Gelato, Inc.*, supra, at 624-25 (Bankruptcy court did not abuse its discretion by looking at the entire bankruptcy docket in exercising its discretion regarding the award of costs), *In re Borges*, 2014 Bankr LEXIS 1464 at *8 (Bankr. 10th Cir. 2014)

---

[2] WLG also filed a motion in December 2020 (Main case Dkt. No. 471) attempting to obtain *nunc pro tunc* status as special litigation counsel for the debtor in possession for its post-petition work, over Cuker's objection, and some 22 months following the provision of services. That motion was denied. (Main case Dkt. No. 509).

(Bankruptcy court reviewed multiple adversary proceedings and claim objection proceedings in exercise of its discretion to award costs.). such is and should be the case here, where the adversary proceeding is the culmination of claim objection proceedings before the bankruptcy court, with the additional claim of violation of the automatic stay. a violation of the stay did occur.

On the facts, Cuker was correct: as to the cause of action related to violation of the automatic stay, the Court determined not only that the transfer occurred post-petition, but that it was *initiated* post-petition as well. While Cuker did not agree with the Court's decision to insulate the violation of the stay from attack, Cuker accepted the result.

It is apparent that the Clerk believed he had no discretion to refuse to award costs where judgment was entered in favor of one side. As set forth in the Declaration of Michael Breslauer filed concurrently herewith, it was clear during the proceedings that the clerk had never handled a case presenting a question of who the prevailing party was and believed that once judgment was entered nominally in favor of one side, he was *required* to allow costs to that side. That view necessarily made *irrelevant* the particular facts of this proceeding briefed to the clerk (and set forth above) and the matters that preceded between the same parties on the same issue: the allowance (or not) of WLG's claim. The clerk exercised no discretion because he believed he had none.[4] While it is, of course, unusual for a contested issue like this to be resolved by the clerk of the court, there is no procedure save for

---

[3] Judge Adler found that the evidence showed that the transfer from trust was *initiated* post-petition. Tentative Decision, Adv. Proc Dkt No. 101, page 4. Emphasis in original.

[4] As also detailed in Mr. Breslauer's declaration, Mr. Curry's argument to the clerk, perhaps to be repeated here, was that the bankruptcy court had indeed exercised its discretion by adoption of District Local Rule ("DLR") 54.1, and that this rule - presuming costs be awarded - was the manifestation of an exercise of its discretion. Cuker contends that (i) application of discretion as provided in the Rules of Bankruptcy Procedure trumps whatever the DLR provides when applied to bankruptcy matters, and (ii) the bankruptcy judges in adoption of DLR 54.1 did not intend to exercise the discretion mandated by the Bankruptcy Rules by declining in all cases not to exercise it or to exercise it in each case, regardless of the facts and circumstances, in favor of a party nominally declared to be the prevailing party.

submission of the matter to the clerk for resolution with either side having the ability to bring the matter before the court for an ultimate disposition.

The Court in exercise of its broad discretion may consider the underlying claim objection in its decision whether to award costs. Viewed wholistically, this is hardly a matter where it can be said that WLG prevailed, and the Court is justified in declining to award costs to WLG and awarding costs to Cuker or, alternatively, declining an award of costs to either side.

### III.

### TAKING OPPOSING COUNSEL'S DEPOSITION WAS NOT REASONABLY NECESSARY IN THE SUIT AND COSTS SHOULD BE DISALLOWED

WLG's Bill of Costs included $910.55 for taking the deposition of Michael Breslauer, Cuker's Chapter 11 counsel and its counsel in this adversary proceeding. Supposedly, the deposition was taken to gather evidence about WLG's withdrawal of funds from trust. This was in connection with Cuker's causes of action relating to WLG's alleged post-petition withdrawal from WLG's trust account. But WLG's answer *admitted*[5] the withdrawal had occurred post-petition, and it has never been suggested or alleged that counsel had any role in WLG's act of withdrawing funds. Indeed, the topic of WLG's allegation that Mr. Breslauer instructed WLG to draw down her retainer was raised in the underlying claim objection proceedings (Cf. Main Case Dkt. No. 418 ¶24 with Dkt No. 478-1, ¶4) without affecting the result there[6]. Opposing counsel's deposition was unnecessary to the case, perhaps taken just because WLG threatened earlier on to claim a conflict existed in the case

---

[5] Adv. Proc. Dkt. No. 32; ¶9 ("… Defendant further admits that despite its reasonable and good faith efforts to transfer funds from the client trust account before Plaintiff filed its bankruptcy petition, the actual transfer of some funds out of the client trust account occurred shortly after the petition was filed, specifically, on December 14, 2018….").

because of the supposed necessity of Mr. Breslauer's testimony, or for some other unknown reason. In any case, the deposition was wholly unrelated to the issues raised, and Cuker should be taxed with the cost of the adventure of taking opposing counsel's deposition.

## IV.

## CONCLUSION

Unlike in actions before the District Court, in adversary proceedings before the bankruptcy court, the presumption of an award of costs has been abrogated by the Federal Rules of Bankruptcy Procedure, leaving the matter in all cases to the discretion of the bankruptcy court. This Court's adoption of District Court Local Rule 54.1 by its own Local Rules as a template to guide the court does not alter applicability of Bankruptcy Rule 7054 to this case.

A unique set of circumstances is presented here, where each side both won and lost material matters before the Court. On balance, over the entirety of the claim objection process, Cuker prevailed to an overwhelming degree: A $78,634 claim was ultimately allowed for only 16.2% of that amount, $12,747. On the issue of the violation of the stay, Cuker prevailed in establishing not just an inadvertent violation of the stay, but WLG's deliberate acts to initiate a withdrawal from its trust account post-petition. The Court exercised its discretion to deny Cuker a remedy for the violation, but in doing so, denied WLG's affirmative defense seeking abstention. This case requires exercise of the Court's discretion to decline to award costs to WLG as the 'prevailing party' and rather, to award costs of $4,138.57 to Cuker or, in the alternative, that such discretion be exercised to find that neither side is entitled to an award of costs.

---

[6] In any event, Deborah Wolfe's Declaration, Dkt No. 418, refers to her assertion that Cuker's counsel instructed her regarding her retainer before the bankruptcy case was filed while the adversary proceeding raised the issue of WLG's post-bankruptcy withdrawal.

If costs are awarded to WLG, such costs should <u>exclude</u> a total of $1,564.61, the total of WLG's interest and late payment penalties ($654.06, as already found by the clerk) and the costs of taking opposing counsel's deposition ($910.55, as awarded by the clerk).

Respectfully submitted,

DATED: August 4, 2022                SOLOMON WARD SEIDENWURM & SMITH, LLP

By: /s/ Michael D. Breslauer
    MICHAEL D. BRESLAUER
    Attorneys for Plaintiff and Counter-Defendant
    CUKER INTERACTIVE, LLC