MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Plaintiff and Counter-Defendant CUKER INTERACTIVE, LLC

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CUKER INTERACTIVE, LLC,<br><br>Reorganized Debtor. | Case No. 18-07363-LT11<br><br>Chapter 11<br><br>Adv No. 21-90002-LT11<br><br>**DECLARATION OF MICHAEL D. BRESLAUER IN SUPPORT OF MOTION TO RE-TAX COSTS**<br><br>Date: September 20, 2022<br>Time: 10:00 a.m.<br>Dept: Three (3)<br><br>Honorable Laura S. Taylor, Bankruptcy Judge |
| CUKER INTERACTIVE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WOLFE LEGAL GROUP, PC,<br><br>Defendant. | |
| AND RELATED CROSS-ACTION | |

P:01574069.1:60665.017

I, MICHAEL D. BRESLAUER, declare:

1. I am over 18 years of age and am duly licensed to practice law in the State of California and admitted to practice law in the United States District and Bankruptcy Courts for each of the Districts in California. I am a partner of Solomon Ward Seidenwurm & Smith, LLP ("Solomon Ward"), and am Chapter 11 bankruptcy counsel for Cuker Interactive, LLC ("Cuker"). I have personal knowledge of the facts set forth in this declaration and could and would testify thereto if called as witness in this matter.

2. On July 27, 2022 at approximately 3:30 p.m., I participated in a telephonic conference with counsel for Wolfe Legal Group, PC ("WLG") and Michael Williams, Clerk of the Bankruptcy Court and his deputy, Ken Sheain. The purpose of the telephonic conference was to obtain the Clerk's ruling following the parties' presentation of respective bills of costs, filed by WLG and by Cuker, together with briefing on the legal issues Cuker believed are raised by the WLG Bill of Costs. See Adv. Proc. Dkt. Nos. 121 through 125.

3. During the telephonic conference call, which was not stenographically or tape recorded, I asked the Clerk, Mr. Williams, if he has ever participated in a bill of costs dispute where the parties disagreed on who the 'prevailing party' was for purposes of taxing costs. He replied that he had not ever ruled on or participated in such a disputed proceeding.

4. Among the items discussed during the call was my assertion on Cuker's behalf that the assessment of costs in an adversary proceeding is left to the court's discretion rather than imposed by statutory or rule mandate. This issue was briefed to the Clerk and is briefed to the court in connection with this motion to re-tax costs. Mr. Curry stated during the telephonic conference that the bankruptcy court, by its adoption of District Court Local Rule 54.1, had determined how to exercise its discretion in connection with the ruling on the award of costs in an adversary proceeding before the bankruptcy court. He asserted that in light of the

adoption of Rule 54.1, once it was determined who the prevailing party was, neither the court nor the Clerk had discretion whether to award costs and Mr. Williams agreed.

5. During the course of the claim objection proceedings, first and in the main case and more recently in the adversary proceeding, Cuker has been forced to incur and pay thousands of dollars of its own attorneys' fees resisting WLG's efforts to seek allowance and payment of its claim for attorney's fees and costs provided post-petition.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct of my own personal knowledge and was executed this 4th day of August 2022 at San Diego, California.

/s/ Michael D. Breslauer
MICHAEL D. BRESLAUER