TENTATIVE RULING

ISSUED BY JUDGE LAURA S. TAYLOR

Adversary Case Name:   CUKER INTERACTIVE, LLC v. WOLFE LEGAL GROUP, PC

Adversary Number:   21-90002

Case Number:   18-07363-LT11

Hearing:   10:00 AM  Tuesday, October 4, 2022

Motion:   MOTION TO RE-TAX COSTS FILED ON BEHALF OF CUKER INTERACTIVE, LLC

Hear. Cuker Interactive, LLC, requests the Court to review under District Court Local Rule 54.1.h the decision of the Clerk of Court in awarding costs to Wolfe Legal Group, PC, ("WLG"), as the prevailing party.

The adversary proceeding complaint contained two causes of action for: (1) a violation of the automatic stay for WLG's transfer of $60,671.08 of Cuker's retainer from WLG's trust account to WLG; and (2) an objection to claim for excessive, duplicative work by WLG. Dkt. No. 1. The parties each moved for summary judgment. Judge Louise DeCarl Adler granted Cuker's motion in part and denied it in part, and granted WLG's motion, as stated in the Court's June 8, 2022, order and accompanying tentative ruling. Dkt. No. 112. In sum, WLG prevailed on the automatic stay issue and WLG's claim was allowed in the amount of $12,496.53, having been reduced by $4,823.15 for a post-petition deposition. The Court signed WLG's lodged order and rejected Cuker's order. The Court's order contemplated that WLG would receive costs pursuant to a timely filed Bill of Costs. Dkt. Nos. 120, 122.

The judgment in the adversary proceeding states that the judgment is in favor of WLG as to the automatic stay (Cuker's first claim for relief and WLG's counterclaim), that WLG's judgment is allowed for $12,496.53, and that Cuker's other claim for relief is dismissed with prejudice as moot based on the other findings. Based on that judgment, the Clerk determined that WLG is the prevailing party and awarded costs. Dkt. No. 126.

Under Bankruptcy Rule 7054(b), the court may allow costs. Further, Appendix B of the Bankruptcy Local Rules states that Southern District of California Local Rule 54.1 applies. Rule 54.1a. states, "Unless otherwise ordered by the Court, or stipulated by the parties, the prevailing party is entitled to costs."

Rule 54.1b.3.a) states that costs associated with depositions may be included if "at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery."

The Court is inclined to affirm the Clerk's determination that WLG was the prevailing party in the adversary proceeding and award of costs. WLG prevailed on the automatic stay issue and received an allowed claim. That the claim was reduced does not detract from WLG's prevailing party status.

Cuker attempts to magnify the extent of the reduction by stating that WLG's claim was reduced from $78,634.58 to $12,496.53. However, the costs derive from the adversary proceeding, and what Cuker accomplished during the adversary proceeding was reducing the claim from $17,570.10 to $12,496.53. It is irrelevant that Cuker previously reduced the claim through prior claim objection proceedings, not the basis of the award of costs.

The Court will hear from the parties as to the $910.55 based on whether Mr. Breslauer's deposition was reasonably expected to be used at trial as of the time of the deposition.